## THE STATE v. MAHER *et al.*

1. **Criminal Practice** : SETTING DAY FOR TRIAL: DISCRETION OF COURT. The time during the term at which a defendant shall be put upon his trial rests wholly upon the sound discretion of the judge, and unless an abuse of such discretion, with prejudice to the defendant, be shown, as is not done in this case, this court will not interfere.

2. ———— : ORDER OF EVIDENCE TO REBUT ALIBI. Where defendant had sought to establish an *alibi*, it was proper to admit, in rebuttal, testimony tending to show defendant's presence at the time and place of the crime, in support of evidence given in chief on that point.

3. ———— : INSTRUCTION AS TO USE OF EVIDENCE. Where counsel for defendant offered certain evidence for a certain stated purpose, but the court excluded it for that purpose, but admitted it for another purpose, it was not error to instruct the jury to consider it only for the purpose for which it was admitted.

4. ———— : ALIBI : EVIDENCE : INSTRUCTIONS NOT CONTRADICTORY. The court instructed that the *alibi* relied on as a defense must be established, if at all, by a preponderance of the evidence ; also, that if upon the whole evidence, including that tending to establish the *alibi*, they entertained a reasonable doubt, they should acquit. *Held* that these instructions were not contradictory or misleading, but that they were harmonious and correct.

The State v. Maher.

5. ———— : ————: INSTRUCTIONS AS TO EVIDENCE. The court instructed as follows: "The defense of *alibi*, to be entitled to consideration, must be such as to show that at the very time of the commission of the crime charged the accused was at another place, so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime was committed, so as to have participated in the commission thereof ;" and "If the proof of *alibi* fails to show as to either defendant on trial, you will not consider it as to him ; but if it does show as to either, you will give it full consideration as to the defendant of whom it so shows." *Held* that the instructions rightly stated the law, and were not subject to the objection that they directed the jury not to consider the evidence pertaining to the *alibi*.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, MARCH 8, 1888.

*McHenry, McHenry & McHenry*, for appellant.

*A. J. Baker*, Attorney General, for the State.

BECK, J.—The objections to the conviction of defendant will be considered in the order of their discussion by his counsel.

I. The attorney for the prosecution, when the case was called for trial in the court below, moved for a continuance, or that the trial be set down for a later day of the term, on the ground that a witness examined before the grand jury was not in attendance. The application was supported by the affidavit of the attorney, showing the fact that he had been unable to procure the attendance of the witness and that he expected to procure his attendance, and showing the facts he expected to prove by him. The motion was sustained so far as to pass the case for three days. The action of the court is not shown to be erroneous. The time during the term at which a defendant shall be put upon his trial rests wholly upon the sound discretion of the judge. He has such full knowledge of the condition of the business of the court, and the facts upon which the term of trial ought to be fixed, that we cannot interfere unless an abuse of discretion,

*1. CRIMINAL practice : setting day for trial; discretion of court.*

and prejudice resulting to defendant, be shown. There is nothing before us justifying even a suspicion of either.

II. A witness, called by the state in rebuttal, was permitted to testify, against defendant's objection, that

*2. ——: order of evidence to rebut alibi.* he had seen defendant on the night of the larceny near the place where it was committed and heard two shots fired, and to some other circumstances connected therewith. Counsel for the state insist that this evidence, being in rebuttal, was erroneously received. The defense relied upon was an *alibi*, and, as we understand the case, the evidence in question was admitted to rebut defendant's evidence in support of this defense. It cannot be doubted that the state is not required to introduce evidence in chief which shall contradict testimony afterwards given by the defendant, tending to show that, at the time of the crime, he was at another place. If this were so, the state would be bound to contradict testimony of the defendant before it was given and before it was known what would be given upon the defense, or, in fact, that any evidence at all would be given in support of it, or that it would even be made and relied upon. It is plain that the state may in rebuttal support the proof before given of defendant's presence at the time and place of the crime, and contradict testimony tending to prove an *alibi*. The statements of the witness as to shots fired and other matters were properly permitted, as they were circumstances connected with the fact stated that he had seen the defendant at the time, and they served to identify the time and place, and support the testimony of the witness. Circumstances of this kind are proper to test the memory of the witness, to fix his attention, and to verify the truth of his statements. We conclude that the evidence was rightly admitted.

III. The defendant introduced evidence tending to show that the house where the crime was committed was

*3. ——: instruction as to use of evidence.* of bad reputation. In an instruction the jury were directed that this evidence could be considered to determine whether the

larceny was committed with violence, or whether the violence was for some other purpose. Counsel objected to the instruction, on the ground that the evidence was admitted to affect the credibility of the witness. It is true that the counsel, when the evidence was offered, claimed that it was introduced for that purpose, and the court overruled an objection thereto by the state. But the reason of the admission of the evidence given by the court was substantially the same as that stated in the instruction. It does not appear to be erroneous, and we will not reverse for the reason that the jury were not informed, in connection with it, that they should consider it to determine the credibility of the witness.

IV. · It is urged that the verdict is contrary to the evidence and instructions. We think differently. Certain it is that the verdict is not so unsupported by the evidence as to authorize us to interfere.

V. The court below, in one or more instructions, directed the jury, in substance, that the *alibi* relied upon as a defense must be established, if at all, by the preponderance of the evidence. Another instruction directs the jury, in effect, that if upon the whole evidence, including that tending to establish the *alibi*, they entertained a reasonable doubt, they should acquit. Counsel ·for defendant insist that these instructions are contra-·dictory and misleading. We are of the opinion that they harmonize, and each and all, considered together, accord with doctrines recognized by this court. Under these instructions the jury are required to find the *alibi* upon the preponderance of the evidence, but if a reasonable doubt of defendant's guilt remains in their minds after weighing all the evidence, they must acquit. They cannot acquit on the defense of the *alibi* unless it is supported by the preponderance of the evidence. But if the evidence upon that defense, considered alone or in connection with all other evidence, leaves a reasonable doubt in the minds of the jury, they cannot convict. The instructions accord with the doctrines of

4. ——: alibi: evidence: instructions not contradictory.

this court pertaining to the subjects of *alibi* and reasonable doubt.

VI.   Counsel for defendants question the doctrines recognized by this court as to preponderance of proof required to sustain an *alibi*. They concede that it has been adopted and followed by many decisions of this court. The instructions given in this case upon the subject follow those decisions.   We discover no reasons for now overruling them, and a majority of the court remain well satisfied of their correctness.   We do not think it would be profitable to repeat here what this court has said in prior decisions upon the subject.

VII.   An instruction (the seventh) is in the following language:

"The defendants claim, as one of their defenses, what is known in law as an *alibi;* that is, at the time the robbery with which they are charged *instructions as to evidence.* was being committed, they were at a different place, so that they could not have participated in its commission.

"The burden is upon each defendant to prove this defense for himself, by a preponderance of evidence; that is, by the greater and superior evidence.

"The defense of *alibi*, to be entitled to consideration, must be such as to show that at the very time of the commission of the crime charged the accused was at another place, so far away or under such circumstances that he could not with any ordinary exertion have reached the place where the crime was committed so as to have participated in the commission thereof.

"If the proof of *alibi* fails to show as to either defendant on trial, you will not consider it as to him ; but if it does so show as to either, you will give it full consideration as to the defendant of whom it so shows."

Counsel for defendant understand that the court below, in the third and fourth paragraphs of the instruction, in the use of the words "consideration" and "consider," directed the jury that they should not consider the evidence pertaining to the *alibi*. But the

language will bear no such interpretation. The words are applied to the defense of *alibi*, and not to the proof tending to establish it. Of course, if the *alibi* is not established by a preponderance of the evidence, it is not to be considered as proved. It must have no consideration by the jury in controlling their finding upon that defense. The last paragraph of this instruction is doubtless incorrectly set out in the abstract, as it is not grammatical. It doubtless reads as given as follows: "If the proof fails to show the *alibi* as to either defendant," etc. But, as it appears in the abstract, it presents the same thought, though not so clearly. It surely does not convey the idea, as claimed by counsel, that any evidence tending to prove the *alibi* is not to be considered.

VIII. The third paragraph of the seventh instruction is complained of. We think it correct. If the proof shows that defendant, at the time of the commission of the offense, was so near the place of the offense that under ordinary circumstances he could have been present and participated therein, it would fail to establish the *alibi*. It is plain, therefore, that to sustain the defense he must show that he was so far away that under the circumstances proved he could not have been present at the time and place of the crime. This is just what the court directs the jury in the instruction complained of by counsel.

This discussion disposes of all questions argued by counsel. The judgment of the district court is

AFFIRMED.