THE STATE OF IOWA, Appellee, v. THOMAS SIPULT, Appellant.

1. **Criminal Evidence :** ALIBI : CONFLICT. The evidence on the defense of *alibi* in this case is considered, and *held* to be conflicting, and hence no reason for reversing a judgment of conviction on the ground that an *alibi* was proved.

2. —— : —— : DEGREE OF PROOF : INSTRUCTION. On the question of *alibi* the court was asked to instruct as follows : " You should indulge no prejudice against an *alibi* as a defense, for the reason that, if it is clearly established by intelligent and reliable witnesses, it is a legal and complete defense." *Held* that it was properly refused, because, *first*, it was not necessary to give the implied warning, and, *second*, it is not necessary to acquittal that an *alibi* be clearly established,—a preponderance of the evidence being sufficient.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, OCTOBER 11, 1890.

THE defendant was convicted upon an indictment for robbery, and he appeals.

*McHenry & McHenry,* for appellant.

*John Y. Stone,* Attorney General and *Thos. A. Cheshire,* for the State.

ROTHROCK, C. J.—I. The charge made against the defendant is that he forcibly took from the person of one Jacob Garenta the sum of about twenty dollars. The alleged crime was committed in the city of Des Moines, on the night of the twenty-ninth of June, 1889. Garenta lived at the town of Indianola, and he stated in his testimony as a witness that he went to Des Moines to attend a circus ; that he was not favorably impressed with the circus parade in the streets, and did not attend the performance in the tent, but visited several places of resort, and

1. CRIMINAL evidence : alibi: conflict.

drank more or less intoxicating liquors; that he met defendant in the evening, and that defendant invited him to go to a party; that they went east on an electric car to Sixteenth street, got off, and went to the Wabash railroad track; that he refused to go any further, and the defendant then assaulted him, knocked him down, and robbed him. Garenta went to the police headquarters and made complaint, and soon thereafter the defendant was arrested. The defense relied upon was that defendant was not the person who committed the crime; and, to sustain the defense, a number of witnesses were introduced and examined, who testified that the defendant was in another part of the city at the time that Garenta claimed he was robbed. As is usual in such cases, the witnesses were called upon to state the time when they saw defendant on the evening and night of the robbery, and everyone knows how uncertain and unreliable this class of evidence is, when based on mere recollection. Garenta had known the defendant for several years, and, so far as his testimony is concerned, he could not well be mistaken in the identity of the man; and he is corroborated by the testimony of one M. S. Harrahan, a street-railway conductor, who stated that, on the night of June 29, 1889, at about 9:45 P. M., the defendant and Garenta got on the car of which the witness was conductor, and rode to the end of the line, at Sixteenth street. We have stated enough of the evidence, in a general way, to show that there is a conflict upon the question as to whether the defendant committed the crime charged. It is strenuously contended in the argument of counsel for appellant that the verdict was contrary to the evidence. We have examined the facts in detail, and our conclusion is that we ought not to disturb the judgment on this ground.

II. Counsel for the defendant requested the court to instruct the jury as follows: "You should indulge in no prejudice against an *alibi* as a defense, for the reason that, if it is clearly established by intelligent and reliable witnesses, it is a legal and complete defense." The

2. ——:——: degree of proof: instruction.

instruction was refused, and the refusal is claimed to be error. It was not necessary that the court should give the jury the warning implied in the instruction, and it was properly refused, because, as we think, it incorrectly stated the law applicable to the defense of *alibi*. It is not necessary to acquittal that an *alibi* should be clearly established. It is sufficient if it is established by a preponderance of evidence.   *State v. Red*, 53 Iowa, 69 ; *State v. Hamilton*, 57 Iowa, 596 ; *State v. Maher*, 74 Iowa, 77 ; *State v. Reed*, 62 Iowa, 40 ; *State v. Rivers*, 68 Iowa, 611.

Objections are urged as to the correctness of some of the instructions given by the court to the jury. We think the instructions are correct. They are, in the main, such as have frequently been approved by this court. The one most seriously objected to is very nearly in the same language as an instruction which was held not to be erroneous in *State v. Maher, supra.* The judgment of the district court is AFFIRMED.