For the reasons stated, the judgment of the district
court is AFFIRMED.

---

STATE OF IOWA v. JOHN HOGAN, Appellant.

**Alibi:**　BEARS ON REASONABLE DOUBT AS TO WHOLE CASE OF STATE.
On a prosecution for burglary, where the defense of alibi was
made, the court charged that the burden of proving the defense
of alibi was on defendant, which defense must be established

by a preponderence of the evidence, and that, if the proof failed, the defense should not be considered, but, if it were established, the jury should give it full consideration. *Held*, that the instruction was error, in the absence of an instruction that evidence as to alibi should be taken into account on the question of reasonable doubt,—whether or not established by a preponderance of the evidence.

FAILURE OF CO-INDICTEE TO TESTIFY: *Need not be instructed on Code*, section 5484, providing that, if an accused shall not elect to become a witness, that fact shall not have any weight against him, does not require, on trial of one of several co-indictees, an instruction that the jury shall not consider the failure of accused to call his co-indictees as witnesses. ·

MISCONDUCT· OF PROSECUTING ATTORNEY.  On a prosecution for burglary, one of defendant's witnesses, having been asked on cross-examination whether he had conversed with defendant prior to the. trial, and having denied it, was then asked whether he had not at a particular time and place, said, to a person named, that defendant had approached him and asked him to testify in a certain way, with the insinuation that if he did not he would be in danger. *Held*, that the fact of defendant having made any such statement not being proved, it was error for the prosecuting attorney to refer to the assumed threat in his argument to the jury.

*Refusal to give such charge orally.*  The refusal of the trial judge at the time of the argument to take notice of an objection by defendant's attorney to the prosecuting attorney's reference to the testimony—such refusal being on the ground that he could not instruct the jury orally,—was error, since a direction not to consider the reference would not have been an instruction which must be in writing.

*Refusal not cured.*  An instruction on the submisson of the case to the jury that the evidence as to the witness' outside conversation was to be considered only so far as it might affect his credibility did not cure the error.

SAME. *Discretion of trial court.*  Where on a criminal prosecution, the prosecuting attorney improperly asked a witness for defendant whether he had ever been in a reform school, the question whether it was such misconduct as to authorize a new trial being a matter to be determined by the trial court in its discretion, the overruling of a motion for a new trial will not be disturbed on appeal.

*Failure to ask charge removing prejudice.* Accused, having asked no directions to the jury at the time of the question or afterwards for the purpose of removing any prejudice that might have arisen, cannot complain on appeal.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

THURSDAY, JANUARY 30, 1902.

DEFENDANT was indicted jointly with three others for burglary. Each defendant asked a separate trial. This defendant was tried first, and was convicted, and from sentence on such conviction he appeals.—*Reversed.*

*Frank Sayre* and *E. R. Acres* for appellant.

*N. Willett. Chas. W. Mullan,* and *Chas A. Van Vleck* for appellee.

McCLAIN, J.—Defendant introduced evidence for the purpose of proving an alibi, and asked the court to instruct that unless the jurors found beyond a reasonable doubt, upon all the evidence in the case,—including in this view the evidence referring to the alibi, offered by defendant,—that defendant was guilty, they should acquit. The court did not give this instruction, nor anything corresponding to it. The jury was told in a general way that a doubt which would require acquittal must not be captious, forced or artificial, but must, without being sought after, fairly and naturally arise in the mind "after comparing the whole evidence, and deliberately considering the whole case." The court had already told the jury, in an instruction following largely the language of that referred to in *State v. Maher*, 74 Iowa, 77, that the burden of proving the defense of alibi was on the defendant, and that such defense must be established by a preponderance of the evi-

dence, and that, if the proof of alibi fails, it should not
be considered, but, if the defense is established, the jury
should give it full consideration.    This instruction was in
itself not in a form to be particularly commended, as pointed
out in the case just referred to, but it was probably not
prejudicially erroneous.    Now, it is well settled in this
state that, even though the evidence as to alibi is not suffi-
cient to establish that defense by a preponderance of the
evidence, nevertheless the jury should take it into account in
determining whether the guilt of the defendant is estab-
lished beyond a reasonable doubt.    See *State v. McGarry*,
111 Iowa, 709 where the cases on the subject are fully dis-
cussed.    In the case of *State v. Maher, supra,* such an in-
struction was given, and it was in view of that instruction
that the one relating to proof of alibi was sustained as not
prejudicial.    But here the court, in the instruction relating
to alibi, told the jury that, unless the evidence as to that
defense established it by a preponderance, the defense must
fail, and did not tell the jury that such evidence was still
to be taken into account on the question of reasonable doubt.
In this respect the court erred.

Complaint is made of the action of the prosecuting
attorney in asking a witness for the defendant on cross-ex-
amination whether he had ever been in a reform school.
The objection to the question was sustained, but ap-
pellant contends that the misconduct of the attorney
in asking the question was so far prejudicial as to
require reversal.    The question should not have been asked,
but whether this misconduct was such as to require a new
trial was a matter to be determined primarily by the trial
court, in its discretion.    As said in *State v. Ean,* 90 Iowa,
534.    "The court below had full opportunity for observing
the effect of the attempted introduction of testimony on the
jury, and, by overruling the motion for a new trial, has
virtually found that it was without prejudice."    Defend-
ant asked no direction to the jury, at the time or after-

wards, for the purpose of removing any prejudice that might have arisen, and cannot now complain. *Blair v. Madison County,* 81 Iowa, 313.

Misconduct of the prosecuting attorney in another matter is complained of. One of the defendants witnesses, having been asked on cross-examination whether he had conversed with the defendant prior to the trial with reference to the evidence he would give, denied any such conversation, and was then asked whether he had not, at a particular time and place, said to a person named that the defendant had approached him and asked him to testify in a certain way, with the insinuation that if he did not he had better look out for his personal safety and the safety of his property. The witness practically admitted having made such a statement. The question was, no doubt, a proper one for the purpose of laying the foundation for impeachment, but the fact of defendant' having made any such statement was not proven. The evidence went to show an outside conversation by the witness, in which he said that such statement had been made to him. Such conversation did not in itself tend to show that the statement was made, and the prosecuting attorney should not, in argument, have referred to this assumed threat as tending to show the character of defendant. It seems that defendant's attorney during the argument for the state objected to any reference being made to the testimony relating to this conversation, as showing any threat made by defendant; but the trial judge refused to take any notice of this objection, on the ground that he could not instruct the jury orally. This view was not sound. A direction that reference to this matter as evidence against the defendant should not be made in argument would not have been an instruction which must be in writing. It is evident that such a direction would have been very much more effective given at the very time an improper argument was proposed to be made, and for the purpose of preventing it, than if

postponed until the end of the trial, when the prejudice against defendant on account of this assumed threat had become fixed in the jurors' minds by reason of the argument of the prosecuting attorney. On the submission of the case to the jury, the court, in one of its instructions, correctly charged that the evidence as to the witness' outside conversation in regard to this matter was to be considered only so far as it might affect his credibility; and, if the evidence had not been commented on by the prosecuting attorney in an improper way, this instruction would undoubtedly have been sufficient to prevent prejudice by reason of misapprehension by the jury of the purpose for which the evidence might be considered; but such an instruction was, we think, not sufficient to remove the prejudice which may reasonably be presumed to have arisen from the improper argument. See *State v. Helm,* 97 Iowa, 378; *People v. Mull,* 167 N. Y. 247 (60 N. E. Rep. 629).

Appellant complains of refusal of the court to instruct that the jury should not consider for any purpose the failure of defendant and his co-defendants to testify in the case. All the defendant was entitled to in this respect, however, was an instruction that failure of defendant himself to become a witness should not have any weight against him on the trial (Code, section 5484), and this instruction was given. Those indicted jointly with him were not defendants in the case then being tried, and the jury would be at liberty to draw the same inference from the failure to call them as witnesses as would be justified from failure to call any other person who appeared to be cognizant of the facts, and was not asked to testify with reference thereto. The appellant could have called his co-defendants as his witnesses, had he seen fit. *State v. Nash,* 10 Iowa, 81.

For the errors pointed out, a new trial is granted.— REVERSED.