STATE OF IOWA, Appellee, v. EARL W. LINDSAY, Appellant.

**Criminal law:** RAPE: ALIBI: INSTRUCTIONS.  On this prosecution
for rape the evidence of alibi is held insufficient to justify a
submission of that defense to the jury, and it is held, that by its
submission the defendant and his defense were placed in a false
light before the jury.
McClain and Deemer, JJ., dissenting.

*Appeal from  Jasper   District   Court.*—HON.  BYRON  W.
PRESTON, Judge.

WEDNESDAY,, OCTOBER 18, 1911.

INDICTMENT for rape.  Verdict and judgment of
guilty, and the defendant appeals.  *Reversed.*

*J. M. Parsons* and *M. R. Hammer, Jr.,* for appellant.

*George Cosson,* Attorney-General, for the State.

EVANS, J.—The defendant was charged with the
crime of rape committed on November 8, 1908, upon the
person of Grace Hopkins, a child eight years of age.  The
facts and circumstances immediately preceding the al-
leged rape are not greatly in dispute.  On the date in
question the defendant was living at Prairie City.  Prior
to October 20, 1908, he had lived at Colfax, and was man-
ager of the telephone company.  On Sunday, November 8,
he rode from Prairie City to Mitchellville, and from
Mitchellville to Colfax in a single-seated, high-wheeled
Holsman automobile.  While at Colfax he took four chil-
dren in succession for short rides in his automobile.  The

first was a boy. The second was the "little Hainey girl." This little girl was sister to a young man who roomed at defendant's house. While taking the Hainey girl riding, he was accosted by Ruth Stofer and Grace Hopkins, the prosecutrix. They asked him to take them also for a ride. This he promised to do, and this he did do a short time later, after the "little Hainey girl" had finished her ride. The last-named two girls were aged eleven and eight, respectively, and were engaged in play at the Stofer home. The defendant was acquainted with Ruth Stofer, but not with the prosecutrix. Upon returning, he first took Ruth Stofer for a ride of a mile or more, and brought her back to the starting place. He then took Grace Hopkins, the prosecutrix. Her story is that he took her to a field where "there were some trees," and ravished her, and left her to walk home from the field. She does not know where the field was. She has never been able to identify the place, although considerable effort was made in that direction with the assistance of friends and relatives. The lapse of time was concededly brief, and the place must have been nearby. The defendant's story is that he took the prosecutrix a short ride of a mile or more, and that he returned to a point within four blocks from the place where he took her up, where he encountered an obstructed street, that she alighted at that point, and that he went on to Prairie City. He denies that he had stopped anywhere else with the prosecutrix, and denies all improper conduct. On both trips with the little girls he met different persons upon the road. He also met persons after he had started alone on his trip to Prairie City. Several of these were witnesses for the state. All witnesses who attempted to fix the hour of the day fixed it as between five and six p. m. According to the story of the prosecutrix, the first persons she saw after the defendant left her were Mr. Van Billard and Mrs. Marquis. Mrs. Marquis fixed that time as 5:30 p. m.

I. The trial court gave to the jury the following instructions on the subject of alibi:

(20) The defendant claims as a defense · what is known in the law as an alibi; that is, that at the time of the commission of the alleged offense with which he is charged he was at a different place, so that he could not have participated in its commission. The burden of proof is upon the defendant to prove this defense by a preponderance of the evidence; that is, by greater or superior evidence. The defense of alibi to be entitled to consideration must be such as to show that at the very time of the commission of the crime charged, if one was committed, the accused. was at another place and so far away, and under such circumstances that he could not by any ordinary exertion have been at the place where the crime is alleged to have been committed so as to have participated in the commission thereof. ·If he has so established such defense, he is entitled to an acquittal.

(21) While the burden of proof is upon the defendant as to the alibi, you are further instructed that if the evidence as to the alibi, with all the evidence in the case, raises in your minds a reasonable doubt as to his guilt, you should acquit.

(22) You are further instructed in reference to the law as to alibi that it is recognized in the law that the defense of alibi is one easily manufactured, and juries are generally and properly advised by the courts to scan the proofs of an alibi with care and caution. It is a legitimate and perfect defense if established.

Appellant complains of these instructions as having no basis in the record. We think this contention must be sustained. The only evidence pointed out to us by counsel for the state in support of these instructions is the evidence of a witness for the defendant who fixed the time of defendant's return to Prairie City at five minutes before six. The prosecutrix testified that when she saw Mrs. Marquis it had been fifteen minutes or less since the defendant left her. The exact distance from Colfax to Prairie City does not appear, but it is a nearby town

in the same county, and there is no claim made on either side that the distance could not have been traversed within a half an hour. We find nothing either in the defendant's testimony or in that of the witnesses in his behalf which can be said to present the defense of alibi. On the contrary, the testimony of the defendant himself was that he did take the little girl riding at or about the time she says he did. He does not claim that it was physically impossible for him to have perpetrated the crime because of distance separating him from the prosecutrix. He concedes his presence with the little girl at or near the time of the alleged crime, but he denies that he perpetrated any crime upon her. We think that the instructions upon this subject placed him and his defense in a false light before the jury. The findings of the jury would necessarily be adverse to such an alleged defense. There was no testimony on either side from which an alibi could be found in the sense in which that term is used in criminal cases, and in which it was defined by the court. We think, therefore, that the learned trial court erred at this point, and that the error was manifestly prejudicial.

II. Some other questions are presented for our consideration upon which we are not agreed. They may not arise upon another trial in the form in which they appear in this record.

For the error pointed out, a new trial must be ordered. Upon the record as a whole, we are not averse to such result. *Reversed.*

McCLAIN, J. (dissenting).—The conclusion reached by the majority that the lower court erred in giving an instruction as to alibi seems to me to be without justification on the record, and, as the reversal is made to depend entirely on this conclusion, I am compelled to refer somewhat in detail to the record, not only to indicate my dis-

satisfaction with the particular result, but also to protest against what seems to me to be an erroneous construction of the so-called defense of alibi.

Incidentally it may be proper to suggest that the complaint made in appellant's assignment of error and brief is not that the court gave instructions on the subject of alibi, but that it "erred in giving the twentieth instruction," which was the first instruction relating to alibi, and that it was "error to characterize the defendant's defense herein as an alibi." These are the only references in the brief and argument to the subject, and, as the record presents the evidence in a very abbreviated form, it is fair to conclude that only so much of the evidence is presented as is necessary to enable the court to pass upon the errors assigned and argued. There is no contention in the assignment or argument that the verdict was not sufficiently supported by the evidence, and there was no occasion therefore to present the evidence in full, even in a condensed narrative form. The defendant pleaded not guilty, and, of course, under that plea, any evidence tending to show that the crime charged was not committed by any one, or that the defendant was not the person who committed it, was competent, and, as tending to raise a reasonable doubt with reference to defendant's having committed the crime if one was committed, he was entitled without other pleading to introduce evidence that at the time and place when, as it appears, the crime, if any, must have been committed he was elsewhere. It is only in a very loose and colloquial sense that such evidence can be spoken of as tending to establish a defense in a criminal case. *State v. Reed,* 62 Iowa, 40. It goes like any other evidence for the defendant to the question whether the defendant was guilty of the crime charged, and, if it tends to raise a reasonable doubt of guilt, it should be considered by the jury. In the case before us the court told the jury that defendant had entered a plea

of not guilty "which denies and puts in issue every material allegation of the indictment." He then introduced the instructions relating to alibi with this sentence: "The defendant claims as a defense what is known in the law as an alibi; that is, that at the time of the commission of the alleged offense with which he is charged he was at a different place, so that he could not have participated in its commission." It is to be noticed that the court did not by any fair inference exclude from the consideration of the jury the question as to whether a crime had been committed nor the question as to whether defendant was identified as the person who committed it. I can not see, therefore, any foundation for the claim on the part of the appellant that the court characterized defendant's defense as an alibi. It seems to me the same objection might be made in any case where the court gives specific instructions as to alibi as constituting a defense. It is true that technically it is error to refer to evidence tending to establish an alibi as though it were introduced to support a specific defense. But this practice has been so long acquiesced in here and elsewhere that it would be absurd to now treat such language as constituting reversible error. This court has so far recognized alibi as a specific defense as to hold that the burden of proof rests upon the defendant to establish such defense by the preponderance of the evidence, although it is also necessary to tell the jury that evidence tending to establish an alibi must be considered with all the other evidence in the case in determining whether the defendant has been shown to be guilty beyond a reasonable doubt. *State v. McGarry,* 111 Iowa, 709; *State v. Hogan,* 115 Iowa, 455; *State v. Thomas,* 135 Iowa, 717. In *State v. Worthen,* 124 Iowa, 408, an instruction was approved which referred to alibi as "one of the defenses interposed by the defendant." I can not see how it could have constituted prejudicial error to refer to alibi as "a defense" rather than "one of the de-

fenses." The jury could not have understood from the instructions taken as a whole that they were to consider no other evidence tending to show that defendant was not guilty than that tending to prove that he was elsewhere when the crime was committed. As the record shows, the testimony of defendant's witnesses tended to rebut the evidence for the prosecution that any crime whatever was committed. It also tended very materially to rebut the testimony of the witnesses for the prosecution that defendant was the person who committed the crime, if one was committed. The only direct evidence identifying the defendant as the person who committed the crime was that of the prosecuting witness herself, who fixed the crime upon the man who took her riding in an automobile, and who by other evidence was shown to have been the defendant, and, as the prosecution contends, the evidence of a witness to whom the prosecutrix made declarations very soon after the crime was according to her testimony committed upon her, which declarations also referred to the man who took her riding in the automobile. The court is equally divided as to whether this testimony as to declarations constituted independent corroborating evidence. On that question nothing need now be said. Even if this testimony as to declarations was admissible as *res gestae* for any purpose, it tended only, so far as the identity of defendant was concerned, to show that the crime was committed by the man in the automobile. Now, defendant testified explicitly that during the entire trip on which he took the prosecutrix for a ride he was not out of his automobile, and his automobile was not off the highway, while the prosecutrix testified that the man who committed the crime lifted her over the fence, took her some distance through a field, and there ravished her. There was testimony as to tracks corresponding to the tracks which would have been made by the shoes of the prosecutrix and the tracks of a man apparently accompanying her leading to

and from a ravine some distance from the highway in which there was a clump of willows. If the crime was not committed at some considerable distance from the highway and across a fence and at a point separated from the highway and the fence by a field, then the jury could hardly have believed that the defendant committed the crime, even though the other testimony in the case showed the prosecutrix to have been ravished about that time. For the purpose of breaking down her testimony as to defendant's connection with the offense, the prosecutrix was cross-examined at length in the effort to make it appear at least doubtful whether it was not some other man than the defendant who put her over the fence and took her into the field and accomplished her ravishment. There was also an effort by cross-examination to show that the identity of the defendant as the perpetrator of the crime was suggested to the prosecutrix immediately upon complaint being made to members of her family. Now, it is in my judgment absurd to say that, in view of this evidence and the other instructions of the court which are not the subject of any complaint, the jury could have thought that there was no question for them to determine save the sufficiency of the evidence tending to establish an alibi to raise a reasonable doubt of defendant's guilt.

In my opinion the very fact testified to by defendant that he was not out of his automobile in the highway during the time when the crime testified to by prosecutrix was committed raised a question of alibi. The distance of the defendant from the place of the commission of the crime at the time it appears to have been committed need not be shown to have been such as to render the commission of the crime by defendant impossible, in order that it may be considered as tending to support the so-called defense of alibi. It is sufficient for that purpose if it tends to preclude the possibility of the commission of the crime by the defendant and to raise a reasonable doubt as to whether

he was present at the very time and place of the commission of the crime, provided, of course, his actual and immediate presence was under the circumstances essential to his having committed the crime charged. *Wisdom v. People*, 11 Colo. 170 (17 Pac. 519); *Peyton v. State*, 54 Neb. 188 (74 N. W. 597); 1 Bishop, New Crim. Proc. section 1061 *et seq*. I am quite ready to agree, however, that if the testimony of the defendant was the only evidence tending to show that he was not at the place of the commission of the crime, in view of the fact that he remained during his entire connection with the prosecutrix in his automobile on the highway, there would have been no occasion, at least in the absence of a request by defendant, to give an instruction on the subject of alibi; for, as this testimony was as directly pertinent to the identity of the defendant as the person who committed the crime, it would have been useless to refer specifically to alibi, and would have perhaps been prejudicial to do so in view of the fact that the court gave the usual and authorized instruction to scan proofs of alibi with care and caution.

But this was not the only testimony relating to an alibi, nor is there anything in the record to indicate that the jury could have construed what the court said relating to alibi as applicable to this portion of defendant's testimony. At least two witnesses who gave material testimony for the prosecution said that on the evening in question they saw prosecutrix in the automobile with defendant on the highway a few minutes before six o'clock, and the evidence completely rebuts any thought that she was in the automobile after the commission of the crime. On the other hand, at least two witnesses for the defendant testified positively and circumstantially that defendant had returned to his home in Prairie City from five to fifteen minutes before six. In view of the fact that the prosecutrix herself fixed no specific time in the evening for the commission of the crime other than to say that it was

about dark, and that the other witnesses for the prosecution, aside from the two above referred to, were quite indefinite as to the time when the circumstances testified to by them tending to connect the defendant with the crime occurred, I think that the jury may very well have considered the evidence for defendant as to the exact time when he was seen at his home in Prairie City as tending to raise a reasonable doubt of his commission of the crime, and therefore as tending to establish an alibi. Such evidence for the defendant could have had no other purpose, and could have been admissible for no other purpose, than as establishing an alibi. The court would have failed in its duty to instruct as to all the elements of the case if it had failed to give instructions with reference to evidence tending to establish an alibi. 1 Bishop, New Crim. Proc. section 980. If there was evidence tending to establish an alibi, then the instructions on that subject are conceded to have been without error.

I am unable, therefore, to agree to the reversal of the case.

DEEMER, J., joins in this dissent.