J. E. DAVIS, Administrator, Appellee, v. C. J. HANSEN, Appellant.

**APPEAL AND ERROR:** Parties Entitled to Allege Error—Estoppel by Requested Instruction. Error may not be based on the giving of an instruction substantially similar to the one asked by appellant.

**TRIAL:** Instructions—Applicability to Evidence—Sufficiency—Assumption of Fact. Instructions reviewed, and held not to assume that defendant killed plaintiff's decedent intentionally.

**TRIAL:** Instructions—Applicability to Evidence—Prejudicial Error. It is error to instruct on a matter that has no basis in the pleadings, or on an issue not raised by the evidence.

**APPEAL AND ERROR:** Review—Misconduct of Jury—Reversal on Other Grounds Prevents Review. Misconduct of counsel or jury may not be reviewed on any appeal wherein there must be a reversal and a new trial without reference to whether or not there was the misconduct charged.

*Appeal from Shelby District Court.*—J. B. ROCKAFELLOW, Judge.

MAY 8, 1919.

REHEARING DENIED OCTOBER 25, 1919.

PLAINTIFF has judgment for damages claimed to have been sustained through the alleged wrongful death of his decedent, and defendant appeals.—*Reversed and remanded.*

*Edward S. White,* and *Cullison & Cullison,* for appellant.

*Byers, Byers & Miller,* for appellee.

SALINGER, J.—I.  Instruction 11 deals with the measure of damages, and charges that, if the jury reaches what allowance should be made, it should be such sum, if any, which, the evidence shows, if payment were made at this time, would be equivalent to the amount of the estate of decedent if he had been permitted to have lived to the end of his natural life; that the amount of the estate at his death would be such sum as it can be found from the evidence appears reasonably probable that Hamblin would have saved or accumulated at the time of his death, deducting his probable expense of living, probable health or sickness, and taking into consideration that the sum allowed at this time is to be a sum which, with its accumulation of interest thereon, would be equal to the amount of his savings, had he lived out his expectancy.  The exceptions are that the instruction is misleading and confusing; does not state the proper measure of damages; that it tells the jury the damages suffered are such sum as would equal the estate of Hamblin at the time of his death, and does not sufficiently inform the jury that the damages to be suffered must be the present worth of Hamblin's estate; that it was erroneous to charge "and you should also take into consideration that the sum fixed at this time is to be such a sum, with its accumulation of interest thereon, as would be equal or be an equivalent to the amount of his savings at the time of his death had he lived out his expectancy;" that this quoted part is erroneous because it fixes no rate of interest, and does not determine that no interest at all would accumulate; and that no basis is stated on which the jury can determine the present value or worth of the estate.  Further criticism is that the instruction assumes that decedent would have lived out his expectancy, and the jury is told to find the amount of his savings at the time of his death, had he lived out his expectancy; and that, instead, the charge should have directed the jury to find the

amount of his savings at the time of his death, regardless of whether he lived out his expectancy or not, and that it did not follow that the length of his life and his expectancy, as shown by the tables introduced in evidence, were the same.

We are of opinion that these exceptions are sufficiently disposed of by pointing out that Instructions 1 and 2, offered by the appellant, in effect asked the court to charge as was done in the parts of Instruction 11 given, and which are now complained of. Without determining whether the instruction given was or was not erroneous, we hold that appellant may not complain of its giving.

1. APPEAL AND ERROR: parties entitled to allege error: estoppel by requested instruction.

II.  Instruction 8 charges that the law regards human life with such care as that defendant was not justified in intentionally wounding or killing Hamblin, even if defendant believed or had reason to believe that Hamblin or the boys in his company, or some of them, intended to commit some depredation upon the machinery or other personal property of the defendant; that in such case the law affords defendant another and different remedy, and he was not justified in resorting to the use of a deadly weapon to kill Hamblin or said associates; and if it be found that, in discharging "said" revolver and inflicting "said wound" upon Hamblin, defendant acted with intention to wound or kill Hamblin or some of said associates, and it is further found that the death of Hamblin was the proximate result of a wound so inflicted, the verdict should be for plaintiff.

2. TRIAL: instructions: applicability to evidence: sufficiency: assumption of fact.

Some of the exceptions lodged against this instruction charge that it assumes defendant killed Hamblin, and further assumes that he intentionally wounded and killed Hamblin. If some of the words used in the instruction are

segregated from the context, and strictly construed, it might be concluded the court had assumed there was an intentional wounding or killing. But the charge taken as a whole makes it very clear that the jury could not so have interpreted these words used in this one instruction. The charge as a whole instructed the jury that plaintiff had the burden of proving either intentional wounding or intentional killing. And the phrases objected to in Instruction 8 could not, in reason, have been understood to be more than an introduction to what rights the defendant had to protect his property, and under what conditions it was not permitted to wound or kill.

III. This brings us to the serious question concerning Instruction 8. Other exceptions assert that, since no claim of self-defense or justification was made, the instruction charged the jury "on an issue not raised or claimed," to wit: under what conditions alone defendant was justified in killing Hamblin, if it were found he did kill him. The exception proceeds that, in view of the natural tendency of jurors to view a case like this with passion and prejudice, "it was prejudicial error to lecture the jury upon the sanctity of human life, and the duty of the defendant to resort to the remedy afforded by the law to prevent depredation upon his property, when no claim of self-defense or justification had been made."

3. TRIAL: instructions: applicability to evidence: prejudicial error.

The pleadings of the defendant amount to a general denial. At any rate, no affirmative defenses are raised by him. Neither was any evidence put in tending to show that decedent was attempting or engaged in some depredation upon defendant's property rights; nor evidence tending to prove a justification or self-defense. Here stood the defendant, claiming nothing except that he had not shot or wounded or killed. The court thereupon proceeds to instruct the jury that the law holds human life precious, and

that no one has a right to take it merely because he believes or has a reason to believe that someone intends to commit some depredation upon his personal property; and that the law insists defendant must, in such case, pursue a remedy different from killing the offender or wounding him. It says that this is the rule "in such case," and makes it an element whether defendant acted with intention to wound or kill Hamblin or some of those in his company "on the occasion in question;" and it charges that there may be a verdict if it be found that the death was the proximate result of a wound "so inflicted by the defendant."

Abstractly speaking, it is, of course, error to instruct on a matter that has no basis in the pleadings, or on an issue not raised by the evidence. If this instruction can be defended, it must be on the argument that it was an error in favor of the defendant: in other words, that the court gave the jury an opportunity to find for the defendant, not only if the plaintiff failed to prove defendant had done the act charged, but permitted a finding for defendant if the jury found something that defendant was not urging as a defense, and on which there was no evidence. This justification quite overlooks that, in the first place, the defendant was entitled to have the jury concentrate itself upon the only issue tendered, and that the court should not have invited the jury to consider something not in the case at all.

Nor is it the only vice of the instruction that it promoted distraction. It invited consideration which might naturally put the jurors into a passionate mood. It said, in effect, that defendant might have the verdict even if he did what was charged, if it were further found that the rules of law announced justified the act he did. If this stood alone, there could be no complaint, except the distraction of the jury from the consideration of what was

legitimately to be considered.   But the charge did more
than that.   It conveyed the idea that defendant was not
only denying having done what was charged, but pleaded
justification, in avoidance.   The jury was told that, when it
considered such avoidance, it must bear in mind the tender
regard the law has for human life, and that the claim of
justification should not be allowed and the imagined jus-
tification should not be sustained merely because the de-
fendant had reason to believe that an interference with
his property rights was intended to, and about to, be per-
petrated.   It is said, in effect, the defendant may claim
that fear of such a trespass authorizes the taking of life,
but the making of such claim indicates a callousness to
homicide that the law will not sanction.   The average juror
could readily drift into the mental attitude that one who
made such a claim should be discredited on general prin-
ciples, and should not be believed when he denies the com-
mission of the act, and that such an attitude towards the
killing of a human being required and justified that he who
urged it be penalized.   The least that can be said against
the instruction is that it took the consideration of the jury
away from the matters in issue, and, in addition, indicat-
ed that it bore upon the issue to be determined: to wit,
whether defendant had done what was charged; whether
defendant had not taken life because he held it more light-
ly than does the law.   In every way, the giving of such an
instruction tended to preclude a fair trial of the sole de-
fense interposed.

    In *State v. Lindsay,* 152 Iowa 403, 405, and in *State
v. Bosworth,* 170 Iowa 329, at 338, 339, which follows,
analyzes, and applies the *Lindsay* case, we held it to be re-
versible error for the court to inject into the instructions
the theory that the defendant was urging an alibi, where
no alibi was interposed, and no evidence tending to es-
tablish an alibi was adduced, and the instruction contain-

ed the accepted cautionary statement as to giving weight to the defense of an alibi. We think the fundamental objection to instructing on alibi in such circumstances lies to the instruction at bar, and that its giving was prejudicial error.

IV. It is presented that the jury was guilty of misconduct directly tending to produce an excessive verdict; that the conduct involves passion and prejudice, and, in fact, resulted in an excessive verdict. It is

**4. APPEAL AND ERROR: review: misconduct of jury: reversal on other grounds prevents review.** opposed that the attack upon the verdict is prohibited because it deals with a matter inherent therein, and that, at any rate, a reduction of the verdict on part of the trial court made the alleged misconduct nonprejudicial. It is, of course, manifest that, since there must be a reversal in any event, that this alleged misconduct has become a moot question. The retrial will not be had before the jury charged with this misconduct; and no jury may repeat it. On the authority of *Whitsett v. Chicago, R. I. & P. R. Co.*, 67 Iowa 150, 160, we refrain from passing upon this assignment on this appeal. Misconduct of counsel or jury should not be reviewed on any appeal wherein there must be a reversal and new trial without reference to whether or not there was the misconduct charged. There should be no pronouncement upon such misconduct, unless it is found to be reversible error and that there must be an affirmance were it not for such misconduct. And see *Stafford v. City of Oskaloosa*, 57 Iowa 748, 750.

For the error pointed out, the cause must be—*Reversed and remanded.*

LADD, C. J., EVANS and PRESTON, JJ., concur.