STATE v. REED.

Criminal Law:  ALIBI: MEASURE OF EVIDENCE.  To establish an *alibi* it is not necessary that the jury should be fully satisfied of its truth. But the evidence of an *alibi* cannot avail unless it preponderates.  See *State v. Hamilton*, 57 Iowa, 598.

2. ——: ——: NOT PROPERLY A DEFENSE.  *Alibi* is not a *defense* within any accurate meaning of the word, but a mere fact shown in rebuttal of the state's evidence; and it does not, therefore, demand a specific instruction from the court.

*Appeal from Sac District Court.*

THURSDAY, OCTOBER 18.

THE defendant was convicted of entering, without breaking, a dwelling house in the night time, with intent to commit larceny, and was sentenced to the penitentiary for four years.   From the judgment he appeals.

*J. N. Davis* and *B. A. Dolan*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ADAMS, J.—I. The prosecuting witness in this case is one Brady.   The evidence shows very clearly that some one entered his house during the night, with intent to commit 
1. CRIMINAL law : alibi: measure of evidence.
larceny.   The doubt as to the defendant's guilt, if any, arises upon the question of identity.   Both Brady and wife saw the person who entered the house, and

thought that they recognized the defendant as that person. On the other hand, the defendant introduced evidence tending to show that he was elsewhere on the night in question, and could not have committed the crime with which he was charged. As pertaining to this evidence, the defendant asked an instruction in these words: "As regards the defense of *alibi*, the jury are instructed that the defendant is not required to prove that defense beyond a reasonable doubt, to entitle him to an acquittal. It is sufficient if the evidence on that point raises a reasonable doubt of his presence at the time and place of the crime charged. In other words, to establish an *alibi* it is not necessary that the jury should be fully satisfied of its truth." The court refused to give this instruction, and instructed as follows: "If there is any reasonable doubt of the defendant's guilt of the crime charged against him on the whole evidence, he is entitled to an acquittal."

The defendant, we think, has no reasonable ground of complaint because the court refused to instruct as asked. The instruction asked is not, we think, where taken altogether, as favorable to the defendant as the one given. It is, of course, true, that to establish an *alibi* it is not necessary that the jury should be fully satisfied of its truth. It would be sufficient if the evidence of an *alibi* preponderates. The doubt is as to whether even that amount is necessary to justify an acquittal. Chief Justice Day and myself think that the defendant is entitled to an acquittal if the evidence of an *alibi* is sufficient to raise a reasonable doubt of guilt; and I understand the court below as substantially so ruling. I think it would have been impossible for the jury, following the instruction given, to have found a verdict against the defendant, if they had had a reasonable doubt as to whether the defendant was present at the time and place of the crime charged. The majority of the court think that evidence of an *alibi* cannot avail unless it preponderates. *State v. Hamilton*, 57 Iowa, 598. That part of the instruction asked which is most favorable to the defendant, the majority of the court regard as

incorrect. As to the other part, the defendant cannot properly complain, because the court manifestly went farther in his favor than that part of the instruction asked did. The defendant feels that injustice was done him, because the court did not specifically call the attention of the jury to what he calls his defense of an *alibi*. He says "that instructions should be given upon each material *issue*," and cites in support of the proposition a large number of authorities. The writer does not regard *alibi* as a *defense* within any accurate meaning of the word, but as a mere *fact* shown in rebuttal of the state's evidence. But if it be regarded as a defense, and calling for a specific instruction, the court below could not, under the ruling of the majority of this court in *State v. Hamilton*, above cited, have given the instruction asked.

2. ——: ——; not properly a defense.

II. The only other point made by the defendant is that the verdict is not supported by the evidence. While we do not regard it as certain that there has not been a mistake of identity, we have to say that there is a decided conflict of evidence, and it is not our province to interfere. The judgment must be

AFFIRMED.