**Garland Hall FROST, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–017–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 25, 1981.

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and William Kane, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

HUGHES, Justice.

A jury found Garland Hall Frost guilty of the offense of burglary. The trial judge

found that Frost had previously been convicted of robbery with firearms and assessed his punishment at eight (8) years confinement in the Texas Department of Corrections. Frost has appealed.

We affirm.

Facts of the case as stated by the brief of Frost and agreed as correct by the State are:

On the evening of December 7, 1977, the Dairy Queen located at 4621 Miller Avenue in Fort Worth was burglarized by someone who entered the back door and stole a pay telephone off the wall and a box of corny dogs. At approximately 2:20 or 2:30 a. m. on that same evening Officer D. L. Morton was driving home from work when he noticed a car parked along the Poly Freeway. Two men were beating on an object in front of the car's headlights.

When Officer Morton stopped to investigate, he saw a third man, who he identified in court as being the appellant. The officer asked what was going on and was told that there had been some car trouble. The "box" which had aroused the officer's suspicion previously was no longer visible. Officer Morton then walked around the car and found a pay telephone by the curb. When he searched the car for weapons he found a box of corny dogs. A subsequent check of the telephone number printed on the face of the dial showed that it had come from the Dairy Queen. The three suspects, including Frost, were then taken into custody and charged with the burglary.

■ Frost complains in his first ground of error that the trial court erred in admitting the business records of the telephone company to prove that the pay telephone found near him at the time of his arrest was one taken in the Dairy Queen burglary. Specifically, the complaint centers on the trial court allowing the testimony of Lloyd Howard, the "coin security supervisor" for the telephone company, to prove up such records.

In *LeBlanc v. State*, 441 S.W.2d 847 (Tex. Cr.App.1969) the same situation arose in a case involving introduction of telephone records through the testimony of the "security supervisor" of the telephone company. The same objection was made, as here, that the security supervisor was not a qualified witness. The Court of Criminal Appeals in *LeBlanc* held the security supervisor in *LeBlanc* to be a qualified witness as per Tex.Rev.Civ.Stat.Ann. art. 3737e (Supp. 1980–81). Likewise, we hold Mr. Howard qualified in this case and overrule Ground of Error 1.

■ By Ground of Error 2, Frost says that an extraneous offense (burglary with no final conviction) was introduced against him and that it was in error. Defense witness Magar testified Frost was at the scene when the burglary was committed, but that he was asleep in the car while the actual breaking and entering took place. The defense testimony also revealed that Frost knew that Magar and Carey (the third member of the trio) were going to the Dairy Queen to commit the burglary. The "asleep in the car" claim was advanced by Frost as a defensive theory that he had no guilty intent (his own witnesses proved his knowledge of the plan). It was certainly proper for the State to use the extraneous burglary to show the relevant issue of intent, *Albrecht v. State*, 486 S.W.2d 97 (Tex. Cr.App.1972), and to controvert Frost's defensive theory, *Chapman v. State*, 486 S.W.2d 383 (Tex.Cr.App.1972). We overrule Ground of Error 2.

■ Ground of Error 3: trial court refused a charge on alibi (based on the testimony of Frost's being asleep in the automobile). We overrule this ground. There was no testimony that Frost was anywhere *but* at the scene in the car at the time of the burglary. The testimony of his own witness placed him at the scene. "Alibi is defined to be the presence in another place than that described." *Windham v. State*, 288 S.W.2d 73 (Tex.Cr.App.1956); *Nelson v. State*, 511 S.W.2d 18 (Tex.Cr.App.1974).

We affirm.