Farris WILLIAMS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–036–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 7, 1982.

Anthony P. Griffin, Galveston, for appellant.

James F. Hury, Jr., Dist. Atty., Galveston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for delivery of a controlled substance, hydromorphone, as a result of which the jury assessed a 20-year term. The indictment had alleged a prior robbery conviction for enhancement which would authorize a term of 15 to 99 years, but the resulting sentence was 5 to 20 years in the penitentiary. We affirm the conviction and judgment.

The State's evidence showed by testimony of an undercover agent that he and his informant approached the appellant and asked him if he had any dilaudid for sale, that appellant got in the automobile with them and said that he had a couple of "Ds" which he would sell for $40 apiece and that he gave two tinfoil packages of the pills (introduced as State's exhibit No. 1) and $20 change in exchange for a $100 bill from the witness. One State's chemist testified that the material contained in the exhibit No. 1 was hydromorphone and another State's chemist testified as to its effect. The appellant denied that he delivered any narcotics to the State's undercover agent witness and stated that he never offered to sell any drugs. Other witnesses called for appellant included his wife, the person who allegedly pointed out the appellant to the undercover agent and other witnesses as to the circumstances of the approach to appellant. On rebuttal, the State's undercover agent testified to the purchase of more of the same type pills (introduced as State's exhibit No. 4 without being proved up to be hydromorphone) several hours later from appellant at his home for $350.

After arguments of counsel, the jury returned a verdict of guilty. Following further evidence from appellant and his wife as to the family situation and his background, regarding punishment, the jury assessed punishment at confinement for 20 years. The appellant was sentenced accordingly and appealed.

Appellant's attorney asserted five grounds of error: (1) fundamental error in the totality of the prosecutor's trial tactics as depriving appellant of a fair trial, (2) abridgment of appellant's sixth amendment rights to effective counsel by meaningless representation, (3) erroneous admission as exhibits of a balloon and six tablets in two pieces of tinfoil along with identifying envelope labeled as "No. 4 dilaudid" as rebuttal evidence of an extraneous offense, (4) denial of due process by not requiring proof beyond reasonable doubt as to such extraneous offense, and (5) failure to give unrequested charge on such extraneous offense as constituting denial of due process by reason of ineffective counsel.

In support of his first ground of error appellant asserts six examples as objectionable trial tactics of the prosecutor which "from a totality of the circumstances, deprived the appellant of a fair trial. Such error being fundamental." First, there was the offer of appellant's "pen papers" related to his earlier admitted conviction for robbery—as to these documents, objections as to lack of relevancy were sustained so that this State's exhibit was never admitted before the jury. Second, there was an inquiry (in corroboration of whether the State's undercover agent witness knew what appellant looked like) as to whether the witness had seen any photographs of appellant, to which the witness replied, "Yes, I had, through the Galveston P.D. file"—this was characterized by appellant as an attempt to convict on bad character in general, but there was no objection and the witnesses' identification of the appellant was made more positive by such use of photographs. Third, a portion of the testimony offered as to the effect of dilaudids on people was admitted (despite some sustained objections as to other portions) though claimed to be irrelevant, immaterial and highly prejudicial—appellant's attorney expressly stated that he did not object to such testimony as to physical descriptions. Fourth, a question by the State's attorney as to whether others were arrested at the same time as appellant, resulted in the answer, "Yes sir, at least thirty"—this was complained of as allowing conviction by "inference and innuendo," rather than recognizing it as "res gestae" of the arrest. Fifth, a question was propounded to appellant as to whether he ever had any conversation with members of the Galveston Police Department narcotics squad, to which he answered, "No, sir"—this was attacked on a similar basis, despite the favorable answer and lack of objection. Sixth, there was argument by the State's attorney that he wished he had as a witness an ordinary citizen to say he saw the defendant hand "some *heroin* or some whatever" to him—this was claimed to inflame the jury by reference to a different narcotic substance from that on which the charge is based, but

the testimony had included a comparison by the State's lab chemist of heroin and hydromorphone in which he said ". . . they are equivalent."

■ Appellant's attorney cites no authorities in support of his first ground of error as to the test of the totality of the circumstances which indicate the deprival of fair trial. The conviction was affirmed in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App. 1972), cited by appellant on the principle that an accused is entitled to be tried on the accusation made and not for some collateral crime or for being a criminal generally. The court there recognized and enumerated circumstances to justify the admission of evidence of extraneous offenses, saying "each case must be determined on its own merits." *Albrecht v. State, supra.* Similarly, in *Simmons v. State*, 504 S.W.2d 465 (Tex.Cr.App.1974) cited by appellant's attorney's brief, the *Albrecht* case was relied on in justifying admission of evidence of extraneous offenses. The other cases under the first point only relate to the specificity sufficiency of objections. Appellant relies on the dissenting opinion in *Mahan v. State*, 586 S.W.2d 488 (Tex.Cr.App.1979) in which the conviction was affirmed despite complaints that the prosecutor's argument deprived the appellant of a fair trial. No other authority is quoted or cited by appellant or in such dissent. Taken individually or as a whole, the six examples do not show that appellant was not given a fair trial and this ground of error is overruled.

■ As to appellant's attorney's second ground of error, the adequacy of the representation by counsel is to be judged in its totality under *Benoit v. State*, 561 S.W.2d 810 (Tex.Cr.App.1977). The sixth amendment does not guarantee nor does the law otherwise guarantee errorless counsel, and the performance of counsel is not judged by hindsight, *Howell v. State*, 563 S.W.2d 933 (Tex.Cr.App.1978). Under these authorities and in view of the performance of appellant's trial counsel—in voir dire examination, in obtaining the sustaining of numerous objections to the State's evidence, in cross-examination of the State's witnesses,

in presenting defendant's witnesses and his own testimony and in the jury argument on guilt or innocence, as well as punishment (as a result of which appellant was sentenced to 5 to 20 years imprisonment instead of the possibility of 15 to 99 years)— we cannot say that such representation by counsel was ineffective. Appellant's attorney's second ground of error is overruled.

■ Appellant's attorney's third, fourth and fifth grounds of error relate to the introduction of evidence as to the extraneous offense indicated by the later sale (for $350) of eight additional pills by appellant to the State's undercover agent. Appellant says without also requiring expert chemical analysis testimony such evidence was erroneously admitted and counsel was ineffective as to error in the court's charge in that the extraneous offense was neither proved nor required by the court's charge to be proved beyond a reasonable doubt. Counsel did obtain favorable rulings on some of his objections to descriptive references as to State's exhibit No. 4 and apparently could see the admissibility of such exhibit to corroborate the identification of appellant despite his denial of the transaction for which he was indicted. Also, the evidence introduced was material to refute the defendant's testimony that he never at any time sold any "drugs"—for this purpose, it was not required that the State bring forth evidence by the chemist to prove beyond a reasonable doubt that these pills, identical in appearance to those tested and proved to be hydromorphone, were "drugs." In *Tomlinson v. State*, 422 S.W.2d 474 (Tex.Cr.App. 1967) cited by appellant, the court held that where a deadlocked jury might have been tipped in favor of finding guilt by incompetent accomplice evidence as to prior forgeries for which another had been convicted, defendant's commission of extraneous offenses had to be required to be proved beyond a reasonable doubt. It was later held in *Albrecht v. State, supra,* that possession of a known forged instrument can be shown as an extraneous matter to indicate scienter without showing intent to pass a forged instrument so as to create a criminal act. Here, as there, it was not necessary to show that appellant committed a crime in selling the pills identified as State's exhibit No. 4. Appellant's trial counsel could well have consciously decided that further reference to the need for proof that State's exhibit No. 4 was hydromorphone would merely call further attention to extraneous offenses and increase the likelihood of a more severe punishment verdict. The failure to request an instruction on this matter did not show that appellant's counsel was ineffective. Accordingly, appellant's third, fourth and fifth grounds of error are overruled.

■ Appellant also filed a pro se brief asserting two grounds of error. There is no right to hybrid representation in Texas, *Rudd v. State*, 616 S.W.2d 623 (Tex.Cr.App. 1981), however, we have reviewed both points submitted in said brief. First, appellant contends that his sixth amendment rights were abridged by the court's holding circumstantial evidence sufficient when the State failed to call or explain not calling a material witness. His second point was that the trial court erred in exclusion of evidence tending to impeach the State's undercover agent witness. As to the first, there was direct evidence by the State's undercover agent as a competent, nonaccomplice witness that appellant delivered a controlled substance to him. The conviction does not rest upon insufficient circumstantial evidence as in *Ysasaga v. State*, 444 S.W.2d 305 (Tex.Cr.App.1969) cited by appellant. Nor does it involve failure to ask a witness a question to elicit testimony as to the required absence of his consent, which would require reliance on resulting insufficient circumstantial evidence, as in *Williams v. State*, 429 S.W.2d 503 (Tex.Cr.App. 1968) relied on by appellant. Second, the impeachment evidence sought to be established was excluded by the court as immaterial when offered to show that the undercover agent witness used narcotics. The testimony disallowed was not shown in the record since the witness called for bill of exception took the fifth amendment as to such testimony. No harm has been shown by the court's ruling. The conviction is affirmed.