Jose MORALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00201–CR.

Court of Appeals of Texas,
San Antonio.

March 11, 1987.
Discretionary Review Refused
June 10, 1987.

Larry Zinn, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., Sam Millsap, Jr., Former Dist. Atty., John Causey, Juan Chavira, Charles Estee, Edward Shaughnessy, III, San Antonio, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant was convicted by a jury of aggravated sexual assault of a five year old child. Punishment was assessed at 30 years imprisonment.

Appellant's first point of error alleges the trial court erred in failing to give an instruction on the defense of alibi. The appellant admitted during the trial that he was in the house at or about the time which the state alleged the rape occurred.

The defense of alibi arises when there is evidence that the accused was at a place where he could not have been guilty of participating in the offense. *Arney v. State*, 580 S.W.2d 836, 840 (Tex.Crim.App. 1979). A charge on alibi need not be given unless the evidence is inconsistent with the state's case which puts the defendant at a scene at or about the time of the commission of the offense. *Arney*, 580 S.W.2d at 840. The burden of producing such evidence is upon the defendant. *Anderson v. State*, 147 Tex.Cr.R. 410, 181 S.W.2d 78, 80 (1944). In the case at bar, appellant's own testimony is consistent with the allegations of the State's case on this issue. Point of error number one is overruled.

Appellant's second point of error complains about the trial court's failure to grant a challenge for cause. The record reflects that during the voir dire questioning of prospective juror Roger Arreaga, Arreaga was asked if he would be able to consider the testimony of a law enforcement officer in the same light as the testimony of a civilian. Arreaga replied affirmatively. This juror was also asked if he could think of any circumstance where he would question the truth of the testimony of a law enforcement officer. Arreaga replied he could think of none. In reply to the court's question as to whether he had an objection, the appellant replied "yes, your honor" without further explanation. The trial court overruled the objection.

At the conclusion of voir dire, the court excused the remaining jurors. At that time, appellant generally stated he was forced to peremptorily strike Mr. Arreaga and requested an additional strike. He further stated he was forced to take a juror he would have stricken otherwise, without identifying the juror he was forced to take. The request was denied with the court noting that the request for an additional strike was made after the panel was excused and when the court had no prospective juror left to question. Examination of the record reveals that appellant never specifically challenged Arreaga for cause, never advised the court of the reason under art. 35.16 Arreaga should be excused, and never advised the court of what other juror he would have peremptorily challenged but for the fact that Arreaga was not excused for cause.

Appellant contends on appeal for the first time, that Arreaga was challengeable because he showed bias against appellant in violation of TEX.CODE CRIM.PROC. ANN. art 35.16(a)(9) (Vernon Supp.1987). Appellant also relies on the rule that where an accused has been compelled to exhaust peremptory challenges and accept an objectionable juror because a challenge for cause was improperly overruled, there is

error although the accused does not show in what manner the juror was objectionable to him, nor that the juror was unfair as partial. *Hernandez v. State*, 563 S.W.2d 947, 948 (Tex.Crim.App.1978).

Article 35.16(a) reads in part:

(a) A challenge for cause is an objection made to a particular juror, *alleging some fact which renders him incapable or unfit to serve on the jury*. A challenge for cause may be made by either the state or the defense for any one of the following reasons ... (Emphasis added).

■ A proper challenge for cause requires the appellant to allege some fact to the court which renders the prospective juror incapable or unfit to serve on the jury in accordance with the reasons set forth in article 35.16. *Garcia v. State*, 626 S.W.2d 46 (Tex.Crim.App.1982) (en banc). To show harm in this situation, the appellant must run out of challenges, must have requested and been denied additional challenges, and must show that he was harmed by being forced to take a later, prospective juror whom he would have struck, but was unable to because he did not have the sufficient number of strikes to which he was entitled. *Sharp v. State*, 707 S.W.2d 611, 622 (Tex.Crim.App.1986) (en banc).

■ In the case at bar, the voir dire examination of Arreaga did not show that he was subject to the challenge on the ground now urged on appeal for the first time. Appellant failed to allege to the trial judge some fact that rendered Arreaga incapable or unfit to serve on the jury in accordance with the reasons set forth in art. 35.16. Appellant further failed to show the trial court any harm by identifying the objectionable juror he would have struck, but for the denied challenge for cause. Point of error number two is overruled.

In his third point of error, appellant alleges the trial court erred in allowing a police officer to testify about what the complainant told him.

Arresting officer Steve Christian testified without objection that he arrived on the scene about 15 minutes after the alleged occurrence and that the complainant's mother told him that her daughter had been sexually assaulted. Christian then testified, over appellant's hearsay objection, that the complainant told him the appellant had put "his thing" inside of her. Appellant insists this is reversible error.

■ "The fact that the prosecutrix cried out or complained of an outrage perpetrated on her, shortly after its occurrence, may be proved by the state.... Though the details of the cry or complaint must be part of the res gestae in order to be admissible as original evidence, the question whether the statements made were strictly res gestae is immaterial where the evidence is confined to the bare facts of the complaint." *Hanner v. State*, 572 S.W.2d 702, 706 (Tex.Crim.App.1978) *cert. denied*, 440 U.S. 961, 99 S.Ct. 1504, 59 L.Ed.2d 774 (1979). We hold that the statements of the complainant in the instant case were either confined to the bare facts of complaint or were the res gestae of its offense. Appellant's third point of error is overruled.

Appellant's last point of error likewise contends the court erred in allowing the complainant's mother to testify about what complainant told her.

Appellant's reliance upon *Vera v. State*, 709 S.W.2d 681 (Tex.App.—San Antonio 1986) is misplaced. In *Vera*, the alleged outcry by the complainant occurred some five hours after the incident and after twice denying the allegation. This court held the outcry should have been limited to the bare facts of the complaint without including the details. *Vera*, 709 S.W.2d at 685.

■ In the case at bar, the complainant never denied the allegations. The statements made to the complainant's mother were made immediately after the incident and were the first statements made to an adult by the complainant. It should be noted that a new evidentiary rule, effective September 1, 1985, provides that, subject to notice to the defendant, and if a trial court finds that the statement is reliable, a child/victim statement "made to the first person, 18 years of age or older, other than the defendant, to whom the child made a

statement about the offense," is not inadmissible because of the hearsay rule. TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2(a)(2) (Vernon Supp.1985). Further, where, as in the case before us, the complainant is present and available during trial for cross-examination and observation by the jury, the usual reasons for excluding hearsay statements are not present, and no harm is shown in admitting such statements. *See Heckathorne v. State,* 697 S.W.2d 8, 13 (Tex.App.—Houston [14th Dist.] 1985, pet ref'd.). The last point of error is overruled.

The judgment is affirmed.