Roland VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–89–00535–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 20, 1991.

Pat McKay, San Antonio, for appellant.

Fred G. Rodriguez, Steven C. Hilbig, Edward F. Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, GARCIA, and ONION,[1] JJ.

## OPINION

ONION, Justice (assigned).

Appellant appeals his conviction for aggravated assault by causing serious bodily injury to another. After the jury found appellant guilty, the trial court assessed punishment at ten (10) years' imprisonment.

Appellant raises three points of error. Initially appellant urges that the trial court erred in denying a requested charge on the defensive issue of alibi. Secondly, appellant complains that the trial court erred in denying a motion for a mistrial when the prosecutor elicited from him on cross-exam-

ination that he belonged to a gang in Chicago. Lastly, appellant contends that the trial court erred in refusing to admit into evidence certain pleadings and an order from another case, a protective order proceeding.

The sufficiency of the evidence is not challenged. Construction workers, on their way home on September 9, 1988, about 4:00 a.m., saw a group of men chasing an individual. The men attacked the individual on the median on Durango Street in front of Victoria Courts, a housing project. As the construction workers approached the scene in their vehicle, the men fled. The workers found a bloody Dionicio Tarin on the ground. The police were called, and Tarin was rushed to the hospital. Tarin suffered twelve stab wounds, lost nine pints of blood, and had several surgeries performed including a colostomy. Tarin testified that he was first stabbed by Mary Hernandez, but he identified the appellant and a man named "Rudy" as his principal assailants, each stabbing him four to six times. David Diaz corroborated Tarin's testimony as to the appellant's participation in the assault. There was sharp conflict in the testimony as to how the incident began to unfold, but the witnesses generally agreed that the difficulty commenced with a fight between Mary Hernandez, a woman with whom Tarin formerly lived, and Pat Diaz, a woman who was with him during the early morning hours on September 9, 1988.

█ First, appellant contends that the trial court erred in refusing to give an affirmative charge on the defensive issue of alibi, though the issue was raised by the evidence. Appellant testified that he and Mary Hernandez were moving some of his belongings from his apartment to her apartment in the Victoria Courts; that on their last trip in the early morning hours of September 9, 1989, they encountered Tarin and Pat Diaz within the complex; and that an argument ensued. Appellant related that while Mary and Pat were fighting,

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.

GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

Tarin attempted to stab Mary, but struck Pat instead. Tarin then struck Mary with a stick. According to the appellant, Tarin started towards him, but appellant's dog growled and snarled causing Tarin to "freeze." Appellant revealed that he then took Mary to his apartment. Appellant's counsel then asked:

> Q. And did you stay over there at the apartment?
>
> A. Yes, I decided to stay over there because ...
>
> Q. Don't narrate. Just answer the question.
>
> A. Yes.

Appellant stated he did not hear about the "multiple stabbings" until later that morning when he was going to work.

Mary Hernandez in her testimony did not support appellant's alibi testimony. Mary Zamora, who placed the time at 2:00 a.m., testified that from a distance she saw Mary Hernandez and Pat Diaz fighting; and that she observed the appellant escorting Mary Hernandez home after that fight, but she did not follow them to Hernandez's apartment. Rinita Sosa, Hernandez's daughter, testified that her mother came home "after everything had happened," and that she was with the appellant. Sosa treated her mother's wounds and helped appellant tie his dog on the porch. Thereafter, she related that they talked "about what happened." Sosa placed the time at "a quarter to three." This contrasted with the appropriate 4:00 a.m. time slot offered by the State's evidence as the time of the alleged offense.

■■■ To be effective, the alibi evidence must demonstrate the impossibility of the accused's presence at the scene of the crime at the time it was committed. *Arney v. State,* 580 S.W.2d 836, 840 (Tex.Crim. App.1979); 23 C.J.S. *Criminal Law,* § 1113 at 402. The defense of alibi is designed to show that the defendant, during the entire time that the crime was being committed was so far from the place where the crime occurred that he could not have participated in the crime. 22 C.J.S., *Criminal Law,* § 87 at 111. If the alibi evidence, although taken as true, does not

sufficiently cover the time at or before the crime to render the defendant's presence impossible or highly improbable, then it proves nothing. 23 C.J.S. *Criminal Law,* § 1113 at 402. A jury charge on alibi need not be given unless the evidence is inconsistent with the State's case which places the defendant at the scene at the time of the commission of the offense. *Arney,* 580 S.W.2d at 840. The burden of producing [or going forward with] such evidence is upon the defendant. *Miller v. State,* 660 S.W.2d 95, 96 (Tex.Crim.App.1983); *Anderson v. State,* 147 Tex.Crim. 410, 181 S.W.2d 78, 80 (1944); *see also Morales v. State,* 727 S.W.2d 101, 102 (Tex.App.—San Antonio 1987, pet. ref'd).

Appellant's own testimony placed him at the scene when the confrontation erupted at the Victoria Courts. He claimed, however, that before the confrontation escalated and spilled over onto Durango Street resulting in the multiple stabbing of Tarin, he was at Mary Hernandez's apartment in the courts. The distance between that apartment and the scene of the offense was not established. The time slots given are in sharp conflict. It would not appear that under the circumstances presented, the appellant was entitled to a charge on alibi. *Cf. Nelson v. State,* 511 S.W.2d 18, 21 (Tex.Crim.App.1974); *Friga v. State,* 488 S.W.2d 430, 434 (Tex.Crim.App.1973); *Frost v. State,* 625 S.W.2d 94, 95 (Tex. App.—Fort Worth 1981, no pet.); *see also Suniga v. State,* 733 S.W.2d 594, 599 (Tex. App.—San Antonio 1987, no pet.). Even if the contrary may be argued, we find no error.

Alibi is not a statutory defense. It is not listed as a defense or affirmative defense in the Texas Penal Code. *See* TEX.PENAL CODE ANN. §§ 2.03 and 2.04 (Vernon 1974), chapters eight and nine (Vernon 1974 and Supp.1991); *Willis v. State,* 790 S.W.2d 307, 314 (Tex.Crim.App.1990), notes 4, 5 and 6. Although frequently referred to in our case law over the years, alibi has not been characterized as an affirmative defense in Texas. *Miller,* 660 S.W.2d at 97.

■ Alibi, it has been said, merely traverses the issues tendered in the indictment, and is not a special defense, nor, in its nature, an independent exculpatory fact, and therefore, the burden of proof is not on the defense to establish it. Alibi is ordinarily a defense sufficiently embraced in the general charge that a defendant is by law presumed innocent until his guilt is established by competent evidence beyond a reasonable doubt. *Ayres v. State*, 21 Tex.App. 399, 17 S.W. 253, 254 (1886).

■ The prosecution has the burden of proving the presence of the accused at the time and place of the crime beyond a reasonable doubt, where that is essential to guilt, and an alibi defense is a denial of the commission of the offense by the accused or a rebuttal of the prosecution's case, and as such does not require that the burden shift or that the accused prove the fact in issue. *See* 22 C.J.S. *Criminal Law*, § 87 at 111; *see also* 22A C.J.S. *Criminal Law* § 691 at 328; *Miller*, 660 S.W.2d at 96.

The Court in *Ayres* noted the holding in *State v. Reed*, 62 Iowa 40, 17 N.W. 150 (1883) that alibi is not a defense within the accurate meaning of the word, but a mere fact shown in rebuttal of the State's evidence, and that it does not, therefore, demand a specific instruction from the court. *Ayres*, 17 S.W. at 254.

The 1886 *Ayres* opinion then explained the prevailing practice in Texas:

> With us the practice has been, where the only defense shown is alibi, to recognize the propriety of a charge upon the law relating to such evidence [authorities cited omitted], and where an appropriate charge upon the subject has been requested and refused, or an exception has been taken to a charge for omission in this respect, such objections have invariably been held sufficient grounds for reversal if the facts of the case made the charge applicable.

*Ayres v. State*, 17 S.W. at 254.

The Texas legal tradition described in *Ayres* has continued down to the present time. *See generally*, 1 Branch's Ann.Penal Code, 2nd Ed. (1956) §§ 73–79 at 69–74; John Narsutis and Guienda Burns, *Alibi in*

*Texas*, 54 Tex.B.J. 948 (1991); *see also Jones v. State*, 398 S.W.2d 753, 754 (Tex. Crim.App.1966); *Morales*, 727 S.W.2d at 102. The question now is whether a criminal defendant is still legally entitled to a jury instruction on a non-penal code defense such as alibi. The Texas bench and bar has been admonished that the 1974 Penal Code specifically lists "defenses" and that the term "defense" should not be used for an issue not so specifically labeled by the code. *Williams v. State*, 630 S.W.2d 640, 644 (Tex.Crim.App.1982); *see also Willis v. State*, 790 S.W.2d 307, 315 (Tex.Crim. App.1990); *Sanders v. State*, 707 S.W.2d 78, 80 (Tex.Crim.App.1986).

In *Sanders*, the court recognized the well settled legal principles that a defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence, regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. *Sanders*, 707 S.W.2d at 80. The court then observed that in all of the code's defenses, one principle was consistent throughout: "evidence which constitutes a defense requires the accused to admit the commission of the offense, but to justify or excuse his actions so as to absolve him of criminal responsibility for engaging in conduct which otherwise constitutes a crime." *Sanders*, 707 S.W.2d at 81. The court concluded that the "defense of a good faith purchaser" did not require an affirmative jury charge. While some of the broad language in *Sanders*—that all defenses require the defendant to admit the commission of the offense—has been disavowed, *Willis*, 790 S.W.2d at 314, it is now well established that where the non-penal code defensive theory is an alternative cause which merely negates the existence of an essential element of the State's case, rather than seeking to justify or excuse the culpable conduct, the denial of a jury instruction thereon is not error. *See Mills v. State*, 802 S.W.2d 400, 405 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd); *Drapkin v. State*, 781 S.W.2d 710, 712 (Tex.App.—Texarkana 1989, pet. ref'd); *Tindel v. State*,

777 S.W.2d 751, 753 (Tex.App.—Beaumont 1989, no pet.); *Miller v. State*, 755 S.W.2d 211, 214 (Tex.App.—Dallas 1988, no pet.). The Court of Criminal Appeals has not expressly written on the alibi defense instruction in light of the *Sanders* opinion, but this Court has, albeit in the context of an ineffective assistance of counsel claim *Suniga v. State*, 733 S.W.2d 594 (Tex. App.—San Antonio 1987, no pet.). There, this court stated:

> We are of the opinion that under the charge as submitted, one of the elements of the offense that the State had to prove beyond a reasonable doubt was the presence of appellant at the time and place of the alleged crime. Appellant's defense merely negated an element of the offense and accordingly he was not entitled to a charge on alibi.

*Suniga*, 733 S.W.2d at 599. We adhere to our holding in *Suniga*. *See also Villarreal v. State*, 809 S.W.2d 295, 298, n. 2 (Tex. App.—Corpus Christi 1991, pet. ref'd).

In the instant case, the court's charge required the jury to find beyond a reasonable doubt that the appellant committed the alleged offense. The charge then added:

> "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty of aggravated assault serious bodily injury as charged in Count II, Paragraph A of the indictment."

The appellant's rights were adequately protected by the charge, and the trial court did not err in refusing the requested charge on alibi. The first point of error is overruled.

■ In his second point of error, appellant complains of the overruling of his mistrial motion after the prosecutor had elicited from him that he belonged to a gang in Chicago. On cross-examination the prosecutor established that the 34 year old appellant had lived in San Antonio for nine years and had previously lived in Chicago for about fourteen years. The record then reflects:

Q. Did you belong to a gang in Chicago?

A. Yes.

MR. McKAY [defense counsel]: Judge, I object.

THE COURT: Sustain the objection. Members of the jury, disregard that, please.

The trial court then denied the appellant's motion for a mistrial. The matter was not further pursued.

■ An objection made after the objectionable testimony has been received is untimely and any potential error is waived. *Mulder v. State*, 707 S.W.2d 908, 917 (Tex. Crim.App.1986); *Yohey v. State*, 801 S.W.2d 232, 245 (Tex.App.—San Antonio 1990, pet. ref'd). Further, any error resulting from improper testimony is generally cured by an instruction to disregard the same except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of jurors and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds. *McKay v. State*, 707 S.W.2d 23, 36 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1987); *see also Turner v. State*, 719 S.W.2d 190, 194 (Tex.Crim.App. 1986); *Hawkins v. State*, 505 S.W.2d 578, 580 (Tex.Crim.App.1974); *Frison v. State*, 473 S.W.2d 479, 483 (Tex.Crim.App.1971). We conclude that the error, if any, was cured by the court's prompt instructions to disregard. *Nathan v. State*, 788 S.W.2d 942, 945 (Tex.App.—Fort Worth 1990, no pet.). Appellant's second point of error is overruled.

■ In his third point of error, appellant complains of the trial court's action in excluding several of his tendered exhibits. These exhibits included Mary Hernandez's application for a protective order against Tarin, her ex parte affidavit, a temporary protective order, and an order to show cause which were served on Tarin on the afternoon of September 8, 1988. Appellant urges on appeal that the exhibits were relevant to prove that it was the complainant Tarin and not the appellant or Mary Hernandez who provoked the incident in the early morning hours of September 9, 1988.

Appellant claims that with certain exceptions all relevant evidence is admissible.

TEX.R.CRIM.EVID. 402. Evidence, however, which is not relevant is inadmissible. *Id.* Appellant fails to apply the relevancy test to the excluded evidence, TEX. R.CRIM.EVID. 401, and does not brief the question. TEX.R.APP.PROC. 74(f).

At trial the appellant urged only that the exhibits were admissible to show the complainant's state of mind. The State objected on the grounds that the exhibits were hearsay, prejudicial, not relevant, and was in effect an attack upon Tarin's credibility by attempting to show specific instances of conduct. *See* TEX.R.CRIM.EVID. 608(b).

The complaint presented on appeal varies from the objection made during trial and presents nothing for review. *See Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim. App.1986); *Sharp v. State,* 707 S.W.2d 611, 619 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Carrion v. State,* 802 S.W.2d 83, 89 (Tex.App.—Austin 1990, no pet.).

Moreover, the Court of Criminal Appeals has consistently held that pleadings and judgments from other cases are inadmissible as hearsay. *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex.Crim.App.1983); *Oliver v. State,* 551 S.W.2d 346, 348 (Tex. Crim.App.1977); *Barker v. State,* 509 S.W.2d 353, 354 (Tex.Crim.App.1974); *Pannell v. State,* 477 S.W.2d 586, 589 (Tex. Crim.App.1972); *Brooks v. State,* 475 S.W.2d 268, 271 (Tex.Crim.App.1972); *Acker v. State,* 421 S.W.2d 398, 402 (Tex.Crim. App.1967).

Appellant has failed to demonstrate an abuse of discretion in the trial court's exclusionary ruling. *See Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986); *Johnson v. State,* 698 S.W.2d 154, 160 (Tex. Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Smith v. State,* 797 S.W.2d 243, 249 (Tex.App.— Corpus Christi 1990, pet. ref'd). Appellant's third point of error is overruled.

The judgment is affirmed.