IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-310-CR





CLIFTON JOHN BATTLES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 92-554-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING



 




 Appellant, Clifton John Battles, was convicted by a jury of the offenses of
indecency with a child and aggravated sexual assault of a child. Tex. Penal Code Ann.
§§ 21.11(a)(1), 22.021 (West 1989). The jury assessed punishment of confinement for fifteen
years and thirty-five years, respectively, the sentences to run concurrently. In two points of error,
appellant urges that his trial counsel was ineffective and that the trial court erred in refusing his
request for a jury instruction on the defensive theory of alibi. We will affirm the convictions.


THE CONTROVERSY


 The victim was visiting her father during the 1991 Christmas holiday period. She
testified that appellant, her cousin, spent the night at her father's house on more than one occasion
during her visit, and that appellant slept in the same bedroom with her. The victim testified that
one evening appellant pulled down her underwear and licked and touched her vagina. She stated
that he placed his finger in her vagina. She also stated that appellant placed her on top of him and
moved her up and down with his genitals touching her genitals. Appellant told her not to tell
anyone.

 The victim did not tell anyone about the incident until approximately three months
later, when she told her mother. This revelation occurred after the victim's father had accused
the victim's stepfather of improperly touching her. 

 Beth Prado, an employee of the Texas Department of Protective and Regulatory
Services in Williamson County, interviewed the victim and testified that she identified appellant
as the only person who had sexually abused her. Judy Ruggles, a sexual abuse nurse examiner,
examined the victim and detected no signs of physical trauma to her genitals. However, based
on her interview with the victim and her mother, Ruggles determined that the victim fit the profile
of a sexual abuse victim.

 At trial, appellant contended that he did not stay at the victim's father's house while
the victim was there. To prove this fact, he offered testimony from the victim's father,
stepmother, grandfather, and half-brother. These witnesses testified that appellant did not spend
the night at the victim's father's house at any time during the 1991 Christmas holiday. 


DISCUSSION


 In his first and second points of error, appellant contends he was denied effective
assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and
article I, section 10 of the Texas Constitution. Specifically, he argues that his trial counsel should
have objected to questions by the State concerning inadmissible extraneous offenses and should
not have allowed the State to introduce into evidence the judgment from the juvenile court
concerning appellant's extraneous offenses.

 Strickland v. Washington provides a two-pronged test for reviewing ineffective
assistance of counsel claims. 466 U.S. 668 (1984). For a defendant to successfully prove an
ineffective assistance of counsel claim, the defendant must show: (1) defense counsel's
performance was deficient; and (2) the deficient performance prejudiced the defense. Id. In order
to satisfy the first prong, the defendant must show that counsel's errors were so serious that
counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. In order to
satisfy the second prong, the defendant must show that counsel's errors deprived him of his right
to a fair trial. Unless a defendant makes both showings, it cannot be said that the conviction
resulted from a breakdown in the adversarial process that renders the result unreliable. Id. at 687. 
Texas also uses the Strickland test as the standard for reviewing ineffective assistance of counsel
claims under the Texas Constitution. Hernandez v. State, 726 S.W.2d 53 (Tex. Crim. App.
1986); see also Shaw v. State, 874 S.W.2d 115, 118 (Tex. App.--Austin 1994, pet. ref'd). 

 There is a strong presumption that counsel's conduct falls within the wide range
of reasonable professional assistance. Appellant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. Strickland, 416
U.S. at 689 (emphasis added). Furthermore, a court must evaluate the challenged conduct from
counsel's perspective at the time of the trial and not by hindsight. Id. The burden rests on
appellant to overcome this presumption by proving by a preponderance of the evidence that trial
counsel was ineffective. Shaw, 874 S.W.2d at 118 (citing Moore v. State, 694 S.W.2d 528 (Tex.
Crim. App. 1985)). Recently, the court of criminal appeals reaffirmed that appellant bears the
burden of overcoming the presumption that counsel's representation was reasonably effective. 
Jackson v. State, No. 535-93 (Tex. Crim. App. June 1, 1994).

 Whether a defendant can successfully overcome the strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance often hinges
on the state of the record and the procedural disposition of the case. A defendant will not be able
to overcome this presumption if the record is insufficient. In Jackson, Judge Baird in his
concurrence wrote that, as a general rule, an issue of ineffective assistance of counsel should not
be raised on direct appeal because the trial record is generally insufficient to address such claims. 
Jackson, slip op. at 8. In order to successfully argue an ineffective assistance of counsel claim
on direct appeal, a record focused on the conduct of defense counsel must be developed. Such
record is best developed in the context of a hearing on a motion for new trial. (1) In the context of
that hearing, the defendant should raise the issue of ineffective assistance of counsel and elicit
testimony from defense counsel regarding the reasons for the conduct that was allegedly
ineffective. 

 In the instant case, appellant bases his ineffective assistance claim on the actions
of his defense counsel in relation to appellant's prior extraneous offenses. (2) During trial, the issue
of appellant's prior juvenile sexual offenses arose several times. During the State's cross-examination of appellant's stepfather, the State elicited testimony that appellant did not live with
his stepfather or mother. When asked why, the stepfather stated that appellant was not living at
home with his family because he had sexually molested his two sisters. The stepfather also
admitted that appellant had been on probation for sexually abusing his two sisters and one of his
cousins. During cross-examination, appellant's mother admitted that appellant did not live with
her because he had molested his sisters. Defense counsel did not object to the testimony regarding
appellant's extraneous offenses, nor did he request a limiting instruction. (3) Later in the trial,
defense counsel agreed to allow the prosecutor to introduce into evidence the judgment of the
juvenile court. The judgment of the juvenile court found appellant guilty of delinquent conduct
for acts of indecency with three different children. See Tex. Penal Code Ann. § 21.07 (West
1989). The judgment was admitted into evidence without objection.

 Appellant contends that defense counsel's failure to object to the State's questions
regarding extraneous offenses and his allowing the juvenile judgment to be admitted into evidence
constituted ineffective assistance of counsel that prejudiced his defense. (4) In considering
appellant's claim, we must keep in mind the strong presumption that defense counsel's conduct
might be considered sound trial strategy. We must examine the record in order to determine
whether appellant has overcome this presumption. Appellant filed a motion for new trial, but at
the hearing on the motion, did not raise the issue of ineffective assistance of counsel nor elicit any
testimony from defense counsel regarding counsel's conduct at trial. Nothing in the record
indicates why defense counsel chose not to object to the State's questions regarding appellant's
prior juvenile offenses or why counsel allowed the juvenile judgment to be admitted into
evidence. (5) Jackson makes clear that it is appellant's burden to present evidence to overcome the
presumption of the reasonable exercise of trial strategy to explain the actions of defense counsel. 
The record before us, however, is silent as to this issue and is, therefore, insufficient to overcome
the strong presumption that defense counsel's conduct falls within the wide range of reasonable
professional assistance. We cannot hold based on the record before us that appellant has
overcome this presumption. Therefore, points of error one and two are overruled.

 In his third point of error, appellant contends that the trial court erred in denying
appellant's requested jury instruction on the defensive theory of alibi. Appellant presented
testimony that indicated he was not present at the home where the offenses occurred at the time
they occurred. Therefore, he contends such alibi evidence negated the element of identity and
warranted an affirmative instruction to the jury.

 The defense of alibi arises when there is evidence that the defendant was not
present at the time and place where the offense occurred. Arney v. State, 580 S.W.2d 836, 840
(Tex. Crim. App. 1979). Although frequently referred to in our case law, alibi has not been
characterized as an affirmative defense in Texas. Miller v. State, 660 S.W.2d 95, 97 (Tex. Crim.
App. 1983); Villarreal v. State, 821 S.W.2d 682, 684 (Tex. App.--San Antonio 1991, no pet.). 
In Villarreal, the court noted that where a non-penal code defensive theory merely negates the
existence of an element of the charged offense, rather than justifies or excuses the culpable
conduct, the denial of a jury instruction thereon is not error. Villarreal, 821 S.W.2d at 685; see
also Sanders v. State, 707 S.W.2d 78, 81 (Tex. Crim. App. 1986); Mills v. State, 802 S.W.2d
400, 405 (Tex. App.--Houston [1st Dist.] 1991, pet ref'd). In Villarreal, the court held that the
alibi defense merely negated an element of the defendant's offense, and accordingly he was not
entitled to have a charge on alibi submitted to the jury. Villarreal, 821 S.W.2d at 686. 

 At trial, appellant in the instant case made the argument to the jury that he had an
alibi. In support of this argument, he offered the testimony of various family members who
testified that he was not present at the home where the offenses occurred at the time they
occurred. Such theory was merely aimed at negating the element of the identity of the
perpetrator; it did not justify or excuse any alleged culpable conduct of appellant. Therefore,
appellant was not entitled to an instruction on the defensive theory of alibi, and the trial court did
not err in refusing appellant's requested instruction. Point of error three is overruled.


CONCLUSION


 Finding no error, we affirm the convictions.



 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: July 6, 1994

Do Not Publish
1. Judge Baird further noted that a record may also be developed in the context of a hearing
held in relation to an application for writ of habeas corpus. Jackson, slip op. at 8.
2. Appellant also contends that defense counsel was ineffective because he moved for a
directed verdict in the presence of the jury. However, appellant cites no authority in support of
this proposition. Without authority, we are unwilling to hold that such conduct amounts to
ineffective assistance of counsel.
3. Defense counsel had, however, filed a motion in limine seeking to bar the mention of
appellant's extraneous juvenile offenses that the trial court had granted.
4.   Failure to object to inadmissible evidence concerning extraneous offenses does not, by
itself, render counsel ineffective. See Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App.
1991) (failure to object to admission of extraneous drug transaction did not constitute ineffective
assistance); see O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, no writ) (failure
to object to appellant's extraneous acts did not render trial counsel ineffective because the acts
were admissible to show common plan); Haynes v. State, 790 S.W.2d 824, 827 (Tex. App.--Austin
1990, no pet.). Failure to request a limiting instruction on an extraneous offense has been held
to be a legitimate trial tactic and not substandard performance by defense counsel. Williams v.
State, 629 S.W.2d 801, 804 (Tex. Crim. App. 1982).
5. The State speculates that defense counsel's trial strategy was to permit just enough
evidence of the extraneous offenses to avoid the admission into evidence of appellant's prior
written confession in the juvenile court, which would have been extremely damaging to appellant.