Aaron Liddell **DRAKE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–91–01357–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 1993.

Rehearing Denied Aug. 26, 1993.

Charles Freeman, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

Appellant was charged by a two-count indictment with the offenses of attempted capital murder and aggravated robbery. The State proceeded to trial only on the aggravated robbery charge. Following his plea of not guilty, the jury found appellant guilty of the charged offense. The trial court then assessed punishment at thirty years confinement. Appellant brings thirty-three points of error. We affirm.

A detailed review of the facts is not necessary. Briefly, appellant was arrested in connection with the armed robbery of a convenient store clerk. As a result of the robbery, the clerk incurred gun shot wounds to the jaw, the upper leg, and the groin. The clerk was subsequently able to positively identify appellant as the assailant.

■ In his first point of error, appellant claims the trial court erred in overruling his hearsay objection to questions directed at complainant, James McNeal. McNeal testified to the following:

Q: Mr. McNeal, will you tell the jury when you learned that Drake's first name was Aaron?

A: I was in the hospital when I learned—

\* \* \* \* \* \*

Q: Are you able to recall a particular time when you might have learned the defendant's first name?

A: After my accident.

\* \* \* \* \* \*

Q: At what point did you, after you were shot, did you learn Drake's first name?

A: After I was in the hospital.

Appellant suggests that McNeal's answers, coupled with his prior and subsequent testimony, clearly sought to both directly and indirectly convey to the jury, information that an otherwise unidentified person, who never testified, identified appellant by his complete name as the same Drake who committed the charged offense in this cause.

■ Hearsay is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R.CRIM.EVID. 801(d). McNeal did not relate a statement by a third party declarant that was offered for the truth of the matter asserted. Instead, the witness simply testified to when he first learned appellant's name. Such is not hearsay. Appellant's first point of error is overruled.

■ Similarly, in his second point of error, appellant argues that the trial court erred in overruling his objection to Reginald Ward's testimony concerning a conversation with the complainant. Mr. Ward was the manager of the convenient store where the crime occurred. The prosecutor asked Mr. Ward on direct examination, "Without saying anything that was said between you and Mr. McNeal, had you and he discussed the robbery?" The trial court overruled appellant's hearsay objection. The witness then answered, "Yes." This testimony only reveals that the declarant talked with a third party, [the complainant herein]. The testimony did not, as appellant contends, relate a statement by a third party declarant that was offered for the truth of the matter asserted. Appellant's second point of error is overruled.

■ Appellant's third, fourth, and seventh points of error contend the trial court erred in its rulings on the defense of alibi. Points three and four involve the following statement by defense counsel during his jury argument:

The first thing is you've got to believe that beyond a reasonable doubt he committed the offense he was charged with.

And the second thing, you have to believe beyond a reasonable doubt because the issue was raised that he was in fact present because *you have to disbelieve beyond a reasonable doubt the testimony of those two ladies sitting right out there.*

The trial court sustained the prosecutor's objection to this portion of appellant's closing argument on the basis that it was a misstatement of the law. The trial court also overruled appellant's objection to its previous ruling.

Point of error seven concerns the following related statement made by the prosecutor during her closing argument:

I would submit to you that *they do not present an alibi that I have to rebut beyond a reasonable doubt.* Their testimony is so conflicting it should not be considered.

Appellant's contention is that his statement *is a correct statement of law,* and the prosecutor's statement is a misstatement of the law.

■ The defense of alibi arises when there is evidence that the accused was at a place where he could not have been guilty of participating in the offense. *Arney v. State,* 580 S.W.2d 836, 840 (Tex.Crim.App.1979). The general rule is that the defendant does not have the burden of proving his alibi, the rationale being that alibi evidence tends to disprove one essential element in the prosecution's case. See 29 Am.Jur.2d, Evidence, § 157, "Defensive Matters–Alibi" at 188–89. The only duty of the accused is to bring forward evidence respecting an alibi, so as to raise at least a reasonable doubt of his presence at the time and place of the commission of the alleged crime. *Id.; Miller v. State,* 660 S.W.2d 95, 96 (Tex.Crim.App.1983).

In every criminal prosecution, the State has the burden of proving each element of the offense beyond a reasonable doubt. TEX.PENAL CODE ANN. § 2.01. The prosecution, in addition, has the burden of proving, as one of the elements of the offense, the presence of the accused at the time and place of the crime beyond a reasonable doubt, where it is essential to a finding of guilt. *Villarreal v. State,* 821 S.W.2d 682, 685 (Tex. App.—San Antonio 1991, no writ); See also TEX.PENAL CODE ANN. § 2.01. By proving this element of its case, the State eliminates the possible defense of alibi offered by the accused.

Appellant contends that the State is given the burden of affirmatively disproving the alibi defense in its case-in-chief once the defendant brings forward evidence respecting the defense. In addition, appellant contends that for the jury to find him guilty, they would have to disbelieve beyond a reasonable doubt his alibi defense. We agree with appellant's reasoning to the extent that for the jury to find appellant guilty of the charged offense, they would have to have found that appellant was present at the scene of the crime at the time and place of its commission. In essence, this would also entail them to disbelieve the alibi evidence brought forward by the defense. However, this does not place upon the State an additional burden of disproving beyond a reasonable doubt the alibi defense raised by the accused.

■ Even if this court were to find error in either statement, appellant has failed to show harm. The court's charge to the jury contained a correct statement of law on the defense of alibi and it is presumed that the jury obeyed the court's charge.

■ Appellant also contends that the trial court erred by improperly commenting on the evidence when it overruled his objection to the trial court's ruling. The TEX.CODE CRIM.PROC.ANN. art. 38.05 (Vernon 1979) prohibits a judge's commenting on the weight of the evidence by conveying to the jury his opinion of the case. To constitute reversible error, a comment by the court in violation of Article 38.05 must be reasonably calculated to prejudice the defendant's rights or to benefit the State. *Marks v. State,* 617 S.W.2d 250 (Tex.Crim.App.1981). We do not find the court's ruling on the State's objection served to benefit the State or injure appellant. Accordingly, appellant's third, fourth, and seventh points of error are overruled.

■ In his fifth and sixth points of error, appellant claims the trial court erred by sustaining the State's objection to a portion of his closing argument, and then overruling his objection to the trial court's ruling. Defense counsel made the following remarks during his closing argument, contending that the

complainant had a motive for accusing him of committing the crime:

> Think about it if you will. He's a married—here's a married man, got—had a child at the time, who's dating a high school student, 17 years old and her mother doesn't know it, has engaged her in a sexual relationship.

The trial court sustained the State's objection on the ground that the argument was outside the record. The trial court then overruled appellant's objection to the trial court's ruling.

On appeal, the State concedes that there was evidence to support appellant's argument and that the objection and the trial court's ruling were improper. The State's position is that the error, however, was harmless, because appellant was allowed to repeat his argument, without objection immediately following the trial court's ruling. See TEX.R.APP.P. 81(b)(2); *Harris v. State,* 790 S.W.2d 568 (Tex.Crim.App.1989). The record supports the State's position. Consequently, appellant has failed to show how he was harmed by the trial court's ruling or how the ruling affected the jury's verdict. Appellant's fifth and sixth points of error are overruled.

■ In points eight through twenty-five, appellant alleges he could not adequately challenge the jury array because the trial court denied his motions challenging the array, and overruled his objection to the venire drawn from the array. In points twenty-seven through thirty-three, appellant contends the trial court erred in overruling his challenges for cause of seven veniremen. Appellant framed his motions in the following constitutional and statutory provisions: TEX. CODE CRIM.PROC.ANN. arts. 1.04, 1.05, 1.12, 1.27, 2.03(b); TEX.CODE CRIM.PROC.ANN.—Chapter 35; TEX.GOV'T CODE ANN.—Chapter 62; TEX. CONST. art. I, §§ 3, 3a, 10, 13, 15, 19, 29; TEX. CONST. art. II, § 1; TEX. CONST. art. V, §§ 10, 16, 19; and TEX.GOV'T CODE ANN. §§ 62.011, 62.014, and 62.110.

■ To properly challenge an array, the party must in writing allege that the officer summoning the jury has wilfully summoned jurors with a view to securing a conviction or acquittal. TEX.CODE CRIM.PROC.ANN. art. 35.07 (Vernon 1992). Further, when the challenge is by the defendant, it must be supported by his affidavit or the affidavit of any credible person. *Id.* Appellant, in the instant case, has failed to frame his objection in the terms dictated by the Code; nor is there any evidence that the motion was accompanied by the requisite affidavit. *See Stephenson v. State,* 494 S.W.2d 900 (Tex. Crim.App.1973); *Brokenberry v. State,* 853 S.W.2d 145, 149 (Tex.App.—Houston [14th Dist.] 1993, pet. filed).

■ Appellant also complains that he has been denied a fair trial because resummoned and/or rescheduled jurors were placed in his array. Appellant has shown no violation of State or Federal law by the court in allowing individuals who had rescheduled their jury duty, to serve on this array. Furthermore, appellant must prove that he was forced to take an objectionable juror before we can find reversible error. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Crim.App.1980). Being rescheduled for jury duty does not make an individual unfit for service. It in no way affects one's ability to render a true and fair verdict. *Johnson v. State,* 846 S.W.2d 373 (Tex.App.—Houston [14th Dist.] 1992, *granted in part, rem'd in part, Johnson v. State,* 853 S.W.2d 574 (Tex.Crim.App.1993). Appellant has failed to allege some fact which would render the veniremen incapable or unfit to serve on the jury, or present any evidence that he suffered harm by allowing prospective jurors to reschedule into the array in this case. We overrule points eight through twenty-five and points twenty-seven through thirty-three.

■ Appellant's twenty-sixth point of error contends that the trial court erred by denying his objection to and challenge of the trial court's jurisdiction. Such challenge was based on the Voting Rights Act of 1965. Specifically, appellant argues that the "at-large" voting by registered voters of Harris County, Texas, diluted the voting strength of the registered minority voters. The Court of Criminal Appeals overruled a similar point of error stating that it represented "an impermissible collateral attack upon the [trial judge's] authority to hold office." The Court

held that the proper method for challenging the authority of the trial judge is to bring a direct action through *quo warranto* proceedings rather than a collateral attack at trial. *Archer v. State,* 607 S.W.2d 539, 544 (Tex. Crim.App.1980) *cert. denied,* 452 U.S. 908, 101 S.Ct. 3037, 69 L.Ed.2d 410 (1981). Appellant's twenty-sixth point of error is overruled.

The judgment of the trial court is affirmed.