Opinion issued September 23, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01222-CR




ANDREW EHI OBADAGBONYI, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 950981




O P I N I O N
          Appellant, Andrew Ehi Obadagbonyi, pleaded not guilty to the offense of
aggravated robbery. A jury found appellant guilty and assessed punishment of 15
years in prison. In four points of error, appellant complains that: (1) the evidence was
legally insufficient to convict him; (2) the evidence was factually insufficient to
convict him; (3) the trial court erred in overruling his objection to the State’s
argument before the jury; and (4) the trial court erred in denying him a mistrial based
on the State’s argument before the jury. We affirm.
BACKGROUND
          At about 5:45 p.m. on December 29, 2002, Jose Cabral was walking to his car,
which was located in the parking lot of the apartment complex where he lived. As
Cabral was walking to his car, several men, including appellant, approached him. 
Appellant spoke to Cabral, then hit him with brass knuckles, causing him to fall to the
ground. After Cabral fell, the men kicked and punched him as he lay on the ground. 
They took his wallet and ran off toward the rear of the apartment complex, leaving
him on the ground.
          After the men left, two witnesses to the attack, Joseph Rideaux and Natshia
Tippit, went to help Cabral. Both Tippit and Rideaux identified appellant as one of
the men in the group that attacked Cabral. At trial, Tippit testified that appellant was
the man who started the attack by punching Cabral in the face. 
          Officer Curtis Mayfield was the first officer on the scene. He arrived at the
apartment complex after the incident and saw a trail of blood leading to the driver’s
side of an automobile in the parking lot. Mayfield determined that Cabral was the
owner of the automobile and that he was in the hospital. Mayfield testified that he
attempted to speak to Cabral in the hospital, but was unable to because Cabral spoke
only Spanish and Mayfield did not speak Spanish. Cabral died of his wounds before
he could be questioned.
          Travis Thomas testified at trial that on December 29, 2002 he was hanging out
in the parking lot of the apartment complex and talking with some women. Appellant
and several other persons were also in the parking lot. Thomas knew appellant from
high school and identified him at trial. Thomas testified that, as he and appellant
were “chilling” in the parking lot, two men, Lorenzo and TJ, asked them if they
wanted to “go hit a lick or something.” Thomas interpreted that phrase to mean doing
something illegal to get money. Thomas refused, but appellant walked off with
Lorenzo and TJ and another person known as “G-town.” Thomas believed that 
appellant’s action meant that he had agreed to join them in getting money.
          Thomas further testified that he did not see the attack in the parking lot, but he
saw the four men return, and saw G-town give money to the others, including
appellant. Thomas stated that, when he asked appellant about it later, appellant told
him that he had attacked a “white guy” in the parking lot and had received about $40.
          Amenaghawon Obadagbonyi, appellant’s father, testified that he saw appellant
at home at 2:00 p.m. and again at “close to 6:00 p.m.” Etinosa Obadagbonyi,
appellant’s brother, testified that he remembered December 29, 2002, and that
appellant remained home all day, but that appellant left after his father returned at
around 6:00 pm. Ideyan Obadagbonyi, another brother, testified that he was home
from college on December 29, 2002, and remembered that appellant remained in the
family’s apartment for the entire day. 
DISCUSSION
Legal and Factual Sufficiency
          In his first and second points of error, appellant contends that the evidence was
legally and factually insufficient to support his conviction. Specifically, appellant
argues that the State did not rebut his alibi defense beyond a reasonable doubt.
          An alibi is not an affirmative defense; rather, it is a fact intended to negate the
State’s evidence of a defendant’s presence at the time and place of the commission
of a crime. Giesberg v. State, 984 S.W.2d 245, 248 (Tex. Crim. App. 1998). The
State has the burden of establishing all the essential elements of the offense, but does
not have the burden of disproving beyond a reasonable doubt appellant’s alibi
defense. Drake v. State, 860 S.W.2d 182, 185 (Tex. App.—Houston [14th Dist.]
1993, pet. ref’d). Therefore, we review the evidence for legal and factual sufficiency.
          In reviewing the evidence on legal sufficiency grounds, we view the evidence
in the light most favorable to the prosecution to determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In reviewing the
evidence on factual sufficiency grounds, we must review the evidence as a whole
neutrally, not in the light most favorable to the prosecution. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). The Court of Criminal Appeals has stated the
following standard for a factual sufficiency review:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, slip op. at 8 (Tex. Crim. App. Apr. 21, 2004) (footnote
omitted). In a factual sufficiency review, the appellate court should not substitute its
own judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996). 
           Under both legal and factual sufficiency, the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the witnesses’
testimony. Jaggers v. State, 125 S.W.3d 661, 671 (Tex App.—Houston [1st Dist.]
2003, pet. ref’d). The jury may believe all, some, or none of any witness’s testimony. 
See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (stating that the jury
“could choose to believe or not believe the witnesses, or any portion of their
testimony”).
          Appellant asserts that the State built its case against him on the eyewitness
accounts of Rideaux and Tippit and that their testimony varied considerably with
regard to where they were standing and what they saw during the attack. Appellant
also claims that Rideaux’s testimony at trial differed from the statement he gave to
the police after the incident. Therefore, appellant argues, the testimony of Rideaux
and Tippit was not credible. Appellant also contends that Thomas’s testimony that
he heard appellant being recruited for the assault was not credible because Thomas
testified that appellant said he had robbed a white man and Cabral was Hispanic. 
          The testimony of Rideaux, Tippit, and Thomas placed appellant at the scene
of the crime and identified him as one of the individuals who beat and robbed Cabral. 
Viewing the evidence in the light most favorable to the prosecution, we hold that the
evidence was legally sufficient for a rational juror to find the essential elements of the
offense beyond a reasonable doubt. 
          Any discrepancies in the Testimony of Rideaux, Tippit, and Thomas were
factors for the jury to consider in weighing the evidence. The jury was entitled to
believe the testimony of those witnesses and to disbelieve the testimony of members
of appellant’s family that he was at home during parts of the day in question. A jury
decision is not manifestly unjust merely because the jury resolved conflicting views
of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim.
App. 1997). After reviewing all of the evidence, we hold that the evidence is not
factually insufficient under a beyond-a-reasonable-doubt standard. See Zuniga, No.
539-02, slip op. at 8. 
          We overrule appellant’s first and second points of error.
Objection to State’s Jury argument   
          In his third point of error, appellant argues that, because the State’s jury
argument improperly went outside the record, the trial court erred when it denied his
objection to the argument.




                                              Proper jury argument falls within four categories: (1) summation of the
evidence; (2) reasonable deduction from that evidence; (3) response to opposing
counsel; and (4) plea for law enforcement. Cannady v. State, 11 S.W.3d 205, 213
(Tex. Crim. App. 2000). Before an appellant will be permitted to complain on appeal
about an erroneous jury argument, he must show that he timely and properly objected
to the argument and pursued his objection to an adverse ruling. Cockrell v. State, 933
S.W.2d 73, 89 (Tex. Crim. App. 1996). Specific objections are required so that the
trial court will have an opportunity to rule and opposing counsel will have an
opportunity to correct any error. Appellant did not specify what he was objecting to,
or what the basis of his objection was, in the trial court and has failed to preserve any
error.


 Tex. R. App. P. 33.1(a). We overrule appellant’s third point of error.
Motion for Mistrial
          In his fourth point of error, appellant argues that the trial court erred by
overruling his request for a mistrial based on the State’s jury argument because it
contained facts not in the record. Appellant complains of the following remarks:
Prosecutor:Travis Thomas, you know, he also didn’t
sound like he wanted to be here. You know,
being brought back from TDC having to tell
you what he saw, having to snitch on
somebody that he knows. Maybe he saw
more. Maybe Joseph saw more. Maybe
they’re just unwilling to really tell you the
whole thing. Maybe there’s just some
unwritten code in the neighborhood that you,
you know, you stick by.
 
Appellant’s Counsel:Objection, Your Honor. No evidence of that.
 
The Court:Sustained.
 
Appellant’s Counsel: Ask for an instruction, Your Honor.
 
The Court:Disregard.
 
Appellant’s Counsel:Move for a mistrial.
 
The Court:Denied.

Appellant argues that no instruction could have cured the “prosecution’s implication
that the neighborhood where the alleged offense took place contained organized
crime groups with an unwritten code not to testify fully before juries about criminal
activities.”
          A trial court’s denial of a motion for mistrial is reviewed under an abuse of
discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). 
Mistrial is appropriate only for “highly prejudicial and incurable errors.” Id. The
court’s denial of appellant’s motion for mistrial constitutes error only if the court’s
instruction to disregard was inadequate to cure any prejudicial effect. Wilkerson v.
State, 881 S.W.2d 321, 327 (Tex. Crim. App. 1994). An instruction to disregard is
presumed inadequate only in the most blatant cases. Moore v. State, 999 S.W.2d 385,
405 (Tex. Crim. App. 1999). An appellate court presumes that the jury will follow
instructions to disregard. Ladd, 3 S.W.3d at 567.
          There is no indication that the State’s argument could not be corrected through
a sustained objection and an instruction to disregard. We hold that the trial court did
not abuse its discretion by denying appellant’s motion for mistrial. We overrule
appellant’s fourth point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).