**Affirmed and Memorandum Opinion filed November 13, 2014.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-13-00547-CR

---

**HORACE SIMPSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 1789057**

---

## MEMORANDUM OPINION

Appellant raises three issues in this appeal from a conviction for driving while intoxicated. In issues one and two, we consider whether the trial court reversibly erred when it admitted evidence of appellant's response and nonresponse to official police questioning. In issue three, we consider whether the trial court improperly sustained an objection to appellant's closing argument. We conclude that error, if any, was harmless with respect to all three issues. We overrule each issue and affirm the trial court's judgment.

## BACKGROUND

The evidence showed that appellant lost control of his car and crashed into five unoccupied vehicles. The accident occurred on a quiet city street at approximately ten o'clock at night. Appellant suffered no injuries, and there were no passengers in his car.

Timothy Pugh witnessed the accident as it occurred. Pugh testified that he was parking his car when he saw appellant speeding down the street between forty and fifty miles per hour. Appellant crashed into several cars that had been parked on the side of the street. There were no obstructions in the roadway that would have required appellant to swerve.

Pugh approached appellant to see if he needed help. When Pugh reached the vehicle, he noticed that the airbags had recently been deployed. The vehicle was immobilized, if not completely disabled, but Pugh found that appellant was still depressing the gas pedal, as though he were trying to accelerate. Pugh yelled at appellant to get out of the car. Appellant exited his vehicle without making a verbal response.

Pugh testified that appellant was glassy-eyed and totally nonresponsive to his questions. Pugh likened his interaction with appellant to "talking to a wall." Drawing on his experience as the owner of a nightclub, Pugh said that appellant "definitely seemed intoxicated," based on his overall demeanor. Pugh did not detect the scent of alcohol, however, because appellant refused to speak.

Appellant walked away from the accident as Pugh was calling police. Two residents of a nearby building, Preston Ochsner and Michael Derby, chased after appellant on foot. Ochsner testified that appellant appeared intoxicated: he was unsteady, his eyes were glazed over, and he smelled of alcohol. Derby agreed that

2

appellant could have been intoxicated, but he did not specifically remember the smell of alcohol.

After walking for several blocks, Ochsner and Derby convinced appellant to turn around and return to the scene of the accident. Appellant declared that he did not want to get in trouble and that he would pay for any damage he had caused. He repeated this declaration several times.

When he returned to the crash site, appellant was examined by emergency medical personnel, and then placed into the backseat of a patrol car as police conducted their investigation. Appellant waited in the patrol car for thirty-six minutes, until he was removed by Officer Randal Barton.

Officer Barton asked appellant if he had been drinking that night. Appellant initially refused to respond, but he later admitted to having consumed "some beers." At the time of this questioning, Officer Barton had not advised appellant of his right to remain silent.

Officer Barton testified that appellant had been exhibiting the classic signs of intoxication. He said that appellant smelled of alcohol, his eyes were "a little bit bloodshot," and his speech was "just a little slurred." Appellant was also "swaying a little bit." Officer Barton attempted to administer a series of field sobriety tests, but appellant refused to participate. Officer Barton also requested that appellant provide a breath or blood sample, but appellant again declined. Officer Barton then transported appellant to the downtown police station, where he was held until Officer Barton could obtain a warrant to draw a sample of appellant's blood.

The process to obtain the warrant lasted several hours. Appellant's blood was finally drawn at 3:15 in the morning, more than five hours after the accident. The results showed a blood alcohol level of 0.09 grams per deciliter. The State's

forensic expert testified that appellant would have stopped absorbing alcohol into his system by midnight at the latest, and that his blood alcohol level at that time would have approximated 0.12 grams per deciliter. The expert could not estimate appellant's blood alcohol level at the time of the accident.

Appellant called no witnesses in his defense, and a jury convicted him as charged.

## ADMISSION OF EVIDENCE

In his first issue, appellant challenges the trial court's admission of Officer Barton's testimony that appellant had initially remained silent when he was asked about whether he had been drinking. In his second issue, appellant challenges the admission of Officer Barton's related testimony that appellant admitted to having consumed some beers. Both issues are premised on perceived violations of *Miranda v. Arizona*, 384 U.S. 436 (1966).

The parties do not dispute that Officer Barton did not personally advise appellant of his rights under *Miranda*. The parties do dispute, however, whether appellant was in custody at the time of his questioning, which would have triggered the need for warnings under *Miranda*. In a separate issue, the State also disputes whether appellant preserved error with respect to his first complaint by timely objecting to the admission of his pre-*Miranda* silence. We address the preservation question first.

As soon as Officer Barton testified that appellant had refused to give a statement, appellant's counsel approached the bench and the trial court excused the jury from the courtroom. Counsel then made a lengthy objection that focused primarily on whether appellant had been in custody at the time of the questioning. During the same objection, counsel also argued that, because his client had been

4

restrained, he intended to seek suppression of "any statements . . . that could include a nonstatement or decision to remain silent." The trial court conducted a hearing on the motion to suppress, but it denied appellant's motion in full. Because appellant made a timely objection and the trial court ruled on the objection, we conclude that appellant preserved his complaint for appellate review. *See* Tex. R. App. P. 33.1.

Turning now to the merits of appellant's first two issues, we focus only on whether appellant was harmed by the admission of evidence; for the sake of argument, we will assume without deciding that appellant had been in custody at the time of his questioning,[1] and that the trial court erred by admitting Officer Barton's testimony in violation of *Miranda*. Because the errors involved in these issues are constitutional in magnitude, we conduct our assessment of harm using the standard set forth in Rule 44.2(a) of the Rules of Appellate Procedure.

Rule 44.2(a) provides that we must reverse a judgment of conviction unless we determine beyond a reasonable doubt that the trial court's constitutional error did not contribute to the conviction. A constitutional error does not contribute to the conviction if the verdict "would have been the same absent the error." *See Clay v. State*, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007) (quoting *Neder v. United States*, 527 U.S. 1, 17 (1999)). As a reviewing court, we must calculate as nearly as possible the probable impact of the error on the jury in light of the record as a whole. *See Wall v. State*, 184 S.W.3d 730, 746 (Tex. Crim. App. 2006). We consider such factors as the nature of the error, whether the error was emphasized

---

[1] Appellant argued that he was in custody because the police had probable cause to arrest him for fleeing the scene of an accident; he had been placed in the back of a patrol car for thirty-six minutes; and Officer Barton's report indicated that another officer had arrested appellant at 10:10 p.m., before Officer Barton had even arrived on scene. The State countered that Officer Barton's report had not been precise, and that appellant had only been detained while police secured the area and conducted their investigation.

by the State, the probable implications of the error, and the weight the jury likely would have assigned to the error in the course of its deliberations. *See Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011). Because the error in this case relates to the admission of evidence, we specifically consider whether the record contains other properly admitted evidence that supports the material fact to which the inadmissible evidence was directed. *See Wall*, 184 S.W.3d at 746. The trial court's error is harmless if there is no reasonable likelihood that the error materially affected the jury's deliberations. *See Neal v. State*, 256 S.W.3d 264, 284 (Tex. Crim. App. 2008).

The evidence of appellant's silence presented far less potential for harm than his admission that he had consumed "some beers." Officer Barton's question had not changed when appellant made the admission; his subsequent statement merely supplanted his original non-statement. If appellant were harmed at all, the harm would have stemmed only from the alleged admission. Considering the record as a whole, however, we are confident beyond a reasonable doubt that the admission did not contribute to the judgment of conviction.

The record contained overwhelming evidence of appellant's intoxication, as demonstrated both by the circumstances of the accident and by appellant's behavior and physical condition after the accident. The evidence was undisputed that appellant crashed his vehicle into five cars that were parked on the side of the street. There was no indication of an obstruction in the street that would have required an evasive maneuver. The only reason offered for the crash was that appellant was impaired because of alcohol. This impairment was further shown by the fact that appellant was found depressing the gas pedal after the accident, even though the airbags had been deployed and the car was not moving.

Once appellant had exited his vehicle, several witnesses observed that he was demonstrating the usual signs of intoxication. Pugh testified that appellant's eyes were glassy. Ochsner testified that appellant was unsteady on his feet and smelled of alcohol. Officer Barton also indicated that appellant was slurring his speech.

Appellant contends that the trial court's errors were harmful because this was a "close case." Appellant claims that the evidence of his guilt was not compelling because two witnesses did not recall the smell of alcohol, and some witnesses testified equivocally that appellant "seemed" or "could have been" intoxicated. Appellant also observes that his alleged signs of intoxication were occasionally described as being only slight or "little" in terms of degree. Appellant suggests that his mental and physical state after the accident was more likely the result of the collision itself, rather than the consumption of alcohol. Appellant's argument is undermined by his actions in crashing into five parked cars; leaving the scene of the accident; and then, after being caught by Ochsner and Derby, declaring repeatedly that he did not want to get in trouble. These actions strongly indicate that appellant knew he would face criminal prosecution because he had been drinking.

Appellant also contends that the State's case was weak because there were conflicts in the evidence. Appellant observes that both Pugh and Derby claimed to have been the first person to make contact with him after the accident. Appellant notes further that the witnesses disagreed about the arrangement of vehicles immediately following the collision. But these conflicts do not pertain to facts that are relevant when deciding whether appellant was guilty of driving while intoxicated.

Appellant finally argues that the State's case was weak because the forensic expert could not testify with certainty whether appellant's blood alcohol level was above or below the legal limit at the time of the accident. This concern merely addresses the weight of the evidence. The blood draw specimen still provided objective proof that appellant had alcohol in his system. From that evidence alone, the jury could have determined that appellant had consumed a beer or some other alcoholic beverage on the night of the accident. Officer Barton's testimony was cumulative of this evidence and not at all likely to sway the jury from a state of non-persuasion to persuasion when assessing appellant's guilt.

During closing argument, the State never once referred to Officer Barton's testimony about appellant's response and nonresponse to whether he had been drinking. Instead, the State referred to the overwhelming evidence of appellant's intoxication, as demonstrated by the circumstances of the crash and appellant's behavior and condition after the crash. We are confident beyond a reasonable doubt that appellant would have been convicted even without the objectionable part of Officer Barton's testimony. For these reasons, we conclude that the trial court's errors were harmless. *Cf. Campbell v. State*, 325 S.W.3d 223, 238–39 (Tex. App.—Fort Worth 2010, no pet.) (failure to suppress post-arrest, pre-*Miranda* statement of the defendant that he had been drinking with friends was harmless where evidence showed that defendant had been driving recklessly, had smelled of alcohol, and had failed a field sobriety test).

## CLOSING ARGUMENT

In his third issue, appellant complains of the improper denial of closing argument. Appellant's closing argument began with a discussion of the burden of proof. When he asserted that the State needed to establish guilt "beyond all reasonable doubt," the State objected to the argument as a misstatement of the law.

The trial court sustained the objection, noting that the burden was proof "beyond a reasonable doubt."

Appellant contends that his closing argument was correct and that the trial court should not have sustained the objection. According to appellant, requiring anything less than proof beyond "all" reasonable doubt would wrongly permit a conviction if there were some, or any, doubt that was reasonable.

The State concedes that it should not have objected to the closing argument, and that the trial court erred by sustaining the prosecutor's objection. The State contends, however, that the error was harmless. We agree, even applying the more rigorous standard for harm under Rule 44.2(a).

After the trial court's ruling, appellant continued his closing argument with a discussion of proof beyond a reasonable doubt. The jury was never instructed to disregard appellant's previous statement, and there is no indication that the trial court's ruling lessened the State's burden of proof. Appellant's original argument was even repeated in the jury charge, which provided as follows:

**Burden of Proof:**

The prosecution has the burden of proving the Defendant guilty. It must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the Defendant.

**Proof Beyond a Reasonable Doubt Required:**

It is not required that the prosecution prove guilt beyond all possible doubt. It is required that the prosecution's proof excludes all "reasonable doubt" concerning the Defendant's guilt.

We conclude that the jury's verdict would have been the same even if the trial court had overruled the State's objection. Because there is no showing that the trial court's error contributed to the conviction, we hold that the error is harmless.

9

*Cf. Wiltz v. State*, 827 S.W.2d 372, 374 (Tex. App.—Houston [1st Dist.] 1992) (trial court's error by sustaining objection to defendant's closing argument was harmless where trial court did not instruct the jury to disregard the argument), *rev'd on other grounds*, 863 S.W.2d 463 (Tex. Crim. App. 1993); *Drake v. State*, 860 S.W.2d 182, 186 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (trial court's error by sustaining objection to defendant's closing argument was harmless where defendant was allowed to repeat his argument without objection immediately following the trial court's ruling).

## CONCLUSION

The trial court's judgment is affirmed.

/s/     Tracy Christopher
        Justice

Panel consists of Chief Justice Frost and Justices Christopher and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).